THE JUSTICES OF THE INFERIOR COURT of Houston County, plaintiffs in error, *vs.* JOHN L. FELDER, relator, defendant in error.

A petition, for a mandamus against the Justices of the Inferior Court, stated, that the petitioner had rendered certain services to the county; that those services were worth $1,500; that the Justices had refused to pay him the $1,500, but had paid him $600. To this petition, there was a demurrer. In support of the demurrer, it was insisted, 1st, that the sum demanded was *uncertain*; and 2dly, that what was the value of the services, had been *decided* by the Justices, sitting *as a Court*.

Justices Inf. Court vs. Felder.

*Held,* That the statements of the petition, being to be taken as true, were such as not to authorize the assumption of either of these positions.

Mandamus, in Houston Superior Court. Decison by Judge Powers, at May Term, 1857.

This was an application for mandamus, against the Justices of the Inferior Court of Houston county. The petition set forth: That in September, 1856, William A. Brown, a citizen of Houston county, was attacked with small pox. The Justices of the Inferior Court of the county employed relator, John L. Felder, a practicing physician, to visit Brown, and if he had small pox, to attend upon him, and such members of his family as might contract the disease. Felder visited Brown and found he had small pox, which was soon communicated to the whole family. There were nine cases, and relator attended upon them about six weeks, and discharged not only the office of physician, but that of nurse, because of the difficulty of getting persons to wait and attend upon them. He labored under serious indisposition himself during a part of the time, and exposed himself and family to the contagion, and in consequence of his exposure, washing, and exchanging his clothes in the open air, during inclement weather, his health, he fears, has been permanently injured. That his practice was worth $250 or $300 per month, which he lost while attending the small pox cases. He was shunned and avoided, and was discharged by nearly all his other patients, and lost nearly all his practice for the remainder of the year. That under all the circumstances, his services were worth $1,500. That he made application to said Justices for an order on the county Treasurer for this sum, but said Justices refused to grant him an order for $1,500, but gave him an order for $600 only, and that they still refuse to grant him an order for the remaining $900. He prays for a mandamus, to compel said Justices to grant to him an order on the Treasurer of the county, for the further sum of nine hundred dollars, &c.

The Justices demurred to the petition, on the ground that they are by law entitled to exercise their discretion in the amount to be allowed relator for his services, in the premises, and are not subject to be controlled by the authority of this Court.

The presiding Judge overruled the demurrer, and ordered defendants to answer; and defendants except to this decision, and assign the same as error.

S. D. KILLEN and JAS. A. PRINGLE, for plaintiffs in error.

HUMPHRIES & GILES, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

Was the judgment of the Court below ' overruling the demurrer, right?

The counsel for the plaintiffs in error insists, that that judgment was not right. His argument is, 1st, that this is a case in which, the amount demanded, is a *quantum meruit ;* that a *quantum meruit* is an uncertain amount; and that mandamus does not lie for an uncertain amount; 2d, that this is a case against the Inferior Court, *as* a Court; that the question involved in the case, viz : how much the petitioner deserved to have for his services, is a question which was *decided* by the Inferior Court *as* a Court; and that mandamus lies to a Court, not to *correct* the judgment of the Court, but only to compel the Court to *give* a judgment; which, if wrong, is to be corrected by writ of error, or by certiorari.

We do not think that as the case stands, this argument is supported by the *facts.*

The case stands upon a demurrer to the petition. The demurrer to the petition admits the statements of the petitioner to be true. It is to the petition, then, that we must look for the facts.

One statement in the petition, is, that the petitioner was justly entitled to the sum of $1,500 for his services.

This statement, the demurrer admits to be true, and, therefore, the statement, so far as the decision of the demurrer is concerned, is to be taken as true.

Taking this statement as true, then, it is not according to the *fact*, that the case is one in which, the amount demanded is *"uncertain."*

Again, the petition merely says this, that the Justices refused to give the petitioner an order for $1,500, but gave him an order for $600. It does not say, that the reason why the Justices acted thus, was, that they, sitting as a Court, had considered of the demand, and had determined, that the amount of it, was too much by $900.

The petition does not pretend to state *what* was the reason that made the Justices act thus. It may be, therefore, that the reason was, a want of money, or was some other thing not inconsistent with a recognition by the Justices, of the validity of the demand in its whole amount.

This being so, the counsel for the plaintiffs was not justified in assuming, that the question involved in the case, had been *decided* by the Justices sitting *as a Court*.

We think the Court below was right.

Judgment affirmed.