SHORT *v.* MATHIS, executor.

Fifth cousins equally removed from their common ancestor being related within the fourth degree of consanguinity, it follows that a judge of the superior court who is a fourth cousin of a person pecuniarily interested in the result of a pending case is disqualified to preside in the trial thereof.

Argued April 20, — Decided May 21, 1897.

Equitable petition.   Before Judge Butt.   Marion superior court.   April term, 1896.

*C. J. Thornton*, for plaintiff.

*J. H. Lumpkin* and *Brannon, Hatcher & Martin*, for defendant.

Cobb, J.   Mollie F. Short sued Evan T. Mathis, as executor of the will of Thos. W. Harvey, deceased.   The case came on to be tried in the superior court of Chattahoochee county, and objection was made that the presiding judge, Hon. Wm. B. Butt, was disqualified from presiding in the case.   It appeared that Wm. E. Butt was a legatee under the will of Thos. W. Harvey; that W.m. B. Butt, the presiding judge, was a son of Wm. M. Butt, who was a double first cousin of Eldredge C. Butt, the grandfather of W. E. Butt, the legatee.   The grandfather of Eldredge C. Butt. and William M. Butt was the common ancestor of the judge and the legatee.

The law of this State declares, that "No judge or justice of any court . . can sit in any cause or proceeding . . in which he is . . related to either party within the fourth degree of consanguinity or affinity." Civil Code, § 4045.   The degree of relationship referred to in the section of the code above quoted is to be ascertained according to the rules of the canon law.   *Wetter* v. *Habersham, 60 Ga.* 193.

" The method of computing these degrees in the canon law, which our law has adopted, is as follows:   We begin at the common ancestor, and reckon downwards; and in whatsoever degree the two persons, or the most remote of them, is distant from the common ancestor, that is the degree in which they are related to each other." 2 Black. Com. mar. p. 206.   The common ancestor in the present case is the great-grandfather of Judge Butt and the great-great-grandfather of W. E. Butt, the legatee.   From the common ancestor to Judge Butt, the great-grandson, would be three degrees; from the common ancestor to W. E. Butt, the legatee, would be four degrees, and this being the longer line would fix the degree of relationship. Therefore the legatee would be related to the judge within the fourth degree, and the judge would be disqualified to preside,

under the section of the code above quoted.   Judge Butt and W. E. Butt would be fourth cousins.

Fifth cousins equally removed from their common ancestor are also related to each other within the fourth degree of consanguinity.   Fifth cousins when not equally removed from their common ancestor are not related within the fourth degree.

The annexed diagram illustrates the degrees of relationship above discussed.

*Judgment reversed.   All the Justices concurring, except Little, J., disqualified.*

COMMON ANCESTOR.

Brothers.

Nephew and Uncle.

1st Cousins.

Eldredge C. Butt.                              Wm. M. Butt.

2d Cousins.

Cousins.

3d Cousins.                              W. B. Butt (judge).

3d

4th Cousins.

Cousins.

W. E. Butt (legatee).          5th Cousins.

5th