## AUGUSTA SOUTHERN RAILROAD COMPANY. *v.* McDADE.

1. Neither the stockholders nor the employees of a railroad company which had leased the property and franchises of another such company after it had incurred a liability, are, because of their being such stockholders and employees, and for this reason alone, disqualified from serving as jurors on the trial of an action against the latter. In order to render these persons incompetent, it should further appear that because of their connection with the lessee company, or otherwise, they have some interest in the result of the trial.
   (a) Were this not so, it does not appear that any juror in the present case was excluded from the panel by reason of alleged disqualification.
2. The fact that the judge of a city court manages the financial affairs of his county does not disqualify him from presiding in an action against a railroad company of which that county is a stockholder, the judge himself having no personal or pecuniary interest in the result of such an action.
3. Unless the defendant's non-liability followed as a necessary legal conclusion from a given state of facts, it would not, in the trial of an action, be proper for the judge to instruct the jury that under such a state of facts there could be no recovery for the plaintiff.

4. What risks are usually incident to a given business must be determined by the jury under the facts and circumstances of each case, and while the judge may properly instruct the jury that, as a general rule, an employee assumes such risks, a refusal to specify particular dangers or perils and inform the jury that these are within the rule is right.

5. Proof that a deceased employee of a railroad company, who was killed by the running of its train, was without fault, raises a presumption that the company was in fault. Proof that the servants of the company who were operating the train were in fault puts upon the company the burden of showing that the deceased himself was negligent. Certain charges complained of in the present case were, though not so worded, in effect as above stated.

6. So much of section 2321 of the Civil Code as in embraced in the phrase, "the presumption in all cases being against the company," is inapplicable to a case where a railroad company is sued for the killing of an employee, unless the plaintiff affirmatively shows that the deceased was free from fault; and consequently, on the trial of such a case, the law embodied in this section should not, either literally or substantially, be given in charge to the jury without plainly and distinctly stating the qualification herein indicated.

7. In order to warrant a recovery under section 3828 of the Civil Code by a mother for the homicide of her child, it must appear not only that the child contributed to her support, but also that she was dependent upon the child for such support. A charge which eliminates from the consideration of the jury the latter element is inaccurate.

8. Assignments of error relating to the admission of evidence can not be considered when it does not appear what, if any, objection was made thereto when offered. The evidence in the present case requiring a finding that the deceased was an employee of the defendant, the charges relating to this matter and complained of in the motion for a new trial were not prejudicial to the latter; and the requests to charge which assumed that the deceased was a mere volunteer were properly refused.

Argued June 27,— Decided July 23, 1898.

Action for damages. Before Judge Eve. City court of Richmond county. January term, 1898.

*Leonard Phinizy* and *J. R. Lamar,* for plaintiff in error. *Boykin Wright* and *J. C. C. Black,* contra.

FISH, J. 1. It appeared that after plaintiff's son had been killed by the defendant, the Augusta Southern Railroad Company, it leased in perpetuity its property and franchises to the South Carolina & Georgia Railroad Company. The latter com-

pany was not a party to the suit.    The trial judge asked the panel of jurors if any of them were stockholders or employees of the lessee company.    Certainly stockholders and employees of the lessee company were not disqualified from serving as jurors on the trial of an action against the lessor company, it not appearing that by reason of their connection with the lessee company or otherwise they had any interest in the result of the trial.    As no juror, however, was set aside for the supposed disqualification, no harm was done, and there can be nothing in the assignment of error on this point.

2.  One of the grounds of the motion for new trial was, that Judge Eve, who presided at the trial of the case, was disqualified by reason of the fact that he was judge of the city court of Richmond county and commissioner of roads and revenues for it, and that such county was the owner of 13 7-16 shares of the capital stock of the defendant company, and that these facts were unknown to defendant's counsel at the time of the trial. It was not pretended that Judge Eve had any personal or pecuniary interest in the result of the action, and the mere fact that he, by virtue of being the judge of the city court of Richmond county, managed its financial affairs, did not disqualify him from presiding in the case.    Even if it had, there was no showing that the officers of the defendant company were ignorant of the facts when the case was tried.

3.  Another ground of the motion was the refusal of the judge to give in charge to the jury the following written request: "If you believe from the evidence that plaintiff's son met his death by being tripped or thrown in passing out between the cars, after the coupling had been made, and that it was impossible to have stopped the engine and prevent the homicide, then I charge you that the plaintiff can not recover in this case, and your verdict should be for the defendant."    There was no error in refusing to give this request in charge.    The non-liability of the defendant was not a necessary legal conclusion from the hypothetical facts stated.    Such facts may have existed and yet the defendant may have been liable.    The negligence of the defendant may have caused plaintiff's son to trip and fall, or it may have been defendant's fault that the engine could not be

stopped and the homicide prevented. These were matters for the jury's consideration.

4. Another ground of the motion for new trial was the refusal to give in charge the following written request: "I charge you further that the danger of being tripped up or thrown down by the rail in coupling cars is one of the risks incidental to such service, and when plaintiff's son attempted to make this coupling he assumed all the risks and dangers incident to the same; and if his death resulted from his taking such risk, and defendant's agents were guilty of no negligence, or neglect, or omission of duty, then the plaintiff can not recover in this case, and your verdict should be for the defendant." The court was right in refusing to charge this request. It is a familiar rule that, "a servant assumes the ordinary risks of his employment, and is bound to exercise his own skill and diligence to protect himself." Civil Code, § 2612. But what particular perils are incident to a given business must be determined by the jury, and not by the judge, under all the facts and circumstances of each case. See *Middle Ga. & At. Ry. Co.* v. *Barnett,* 104 *Ga.* 582.

5. The court charged the jury as follows: "I charge you that if plaintiff shows that McDade was not to blame, then the law presumes that the railroad was to blame; or if the plaintiff shows that the railroad company or any of its servants were to blame, then the law presumes that McDade was not to blame; and such presumptions in favor of the plaintiff remain until they are rebutted and overcome by evidence." Also, "If you believe that McDade did not cause the injury by his fault, the onus is shifted to the railroad company to show that its agents were in the exercise of all reasonable care and diligence; otherwise the statutory presumption of negligence would be against the railroad company." Plaintiff in error contends that these charges were erroneous in a suit against a railroad company for the homicide of one alleged to be its employee. A concise statement of the rule as to the burden of proof in cases of this character is, that proof that a deceased employee of a railroad company, who was killed by the running of its train, was without fault, raises a presumption that the company was in fault, and proof that the servants of the company who were operating the

train were in fault puts upon the company the burden of show-ing that the deceased himself was negligent.  *Central Railroad v. Kenney,* 58 *Ga.* 485; *Georgia Railroad* v. *Bryans,* 77 *Ga.* 429; *Central Railroad* v. *Small,* 80 *Ga.* 519; *Johnston* v. *Richmond & Danville R. Co.,* 95 *Ga.* 685.   The above charges were substantially in accordance with the rule stated.

6.  The court charged the jury as follows:  "Now, gentlemen of the jury, under the laws of Georgia, a railroad company is liable in damages where a person is killed or injured by the running of its trains, unless the company shows that its agents and employees were at the time exercising all ordinary care and diligence."   Plaintiff in error contends that this charge was not applicable in a suit for the homicide of an employee of the railroad company.   This court has several times held that in an action against a railroad company by an employee for personal injuries alleged to have been occasioned by the negligence of a coemployee, no presumption of negligence arises against the company until the plaintiff has affirmatively shown that he himself was free from fault.  *Georgia Railroad Co.* v. *Hicks,* 95 *Ga.* 301; *Florida Cen. & Pen. R. R. Co.* v. *Burney,* 98 *Ga.* 1; *Port Royal & Western Carolina Ry. Co.* v. *Davis,* 103 *Ga.* 579.   In the case at bar the burden of proof was upon the plaintiff to make out her case by proving, either that the deceased himself was entirely free from fault, or that his death was caused by negligence of his coemployees.   Unless a prima facie case was made out by the proof of one or the other of these two propositions, no presumption could arise against the company; and to charge, without qualification, that the company was liable, unless it showed that its agents and employees were at the time exercising all ordinary care and diligence, was error.  Following *Georgia R. Co.* v. *Hicks* and *Port Royal & W. C. Ry. Co.* v. *Davis,* supra, we must rule that such error was not cured by the court subsequently charging the correct rule on the subject, without calling attention to the error already committed.

7.  Error is assigned upon the following charge of the court:  "This suit is brought by the mother of the young man that is claimed to have been killed through the negligence of the company; if the evidence discloses that he substantially contributed

'to her maintenance, she is entitled to maintain the suit." It is settled that under the proper construction of section 3828 of the Civil Code a mother can not recover for the homicide of her child unless it appear, not only that the child contributed to her support, but also that she was dependent upon the child for such support. *Clay* v. *Central R. Co.,* 84 *Ga.* 345 ; *Atlanta & Char-*. *lotte Air-Line Ry. Co.* v. *Gravitt,* 93 *Ga.* 369 ; *Smith* v. *Hatcher,* 102 *Ga.* 158. · As the charge entirely eliminated from the con-sideration of the jury the necessary element of the mother's de-pendence upon the child for support, such charge was manifestly erroneous. ·

8. An elaboration of the 8th headnote would not be profitable.

*Judgment reversed. All the Justices concurring.* ·