### CITY OF ELBERTON *et al.* v. ADAMS.

Where condemnation proceedings are instituted under the provisions of §4657 et seq. of the Civil Code, the owner of the land sought to be condemned should have reasonable time, after the service of the notice prescribed in §§4660, 4667, and 4669, within which to select an assessor; and if, before the expiration of such time, upon being notified by the corporation seeking such condemnation, the ordinary selects an

assessor for the owner, and the assessor so appointed, together with the one selected by the corporation, is proceeding to "select a third assessor to complete the board of assessors and to appraise and value the property" of the owner, such proceedings will be enjoined.

Submitted January 13,—Decided April 14, 1908.

Injunction.   Before Judge Holden.   Elbert superior court.   July 6, 1907.

Adams filed an equitable petition against the City of Elberton, and Maxwell and Cleveland, as assessors, seeking to enjoin certain condemnation proceedings. The petition alleges, that the City of Elberton owned and operated an electric lighting plant adjacent to plaintiff's property; that said city had commenced proceedings to condemn a right of way over plaintiff's tract of land for use by said city as a roadway to and from its power plant, as well as for the use of its poles, wires, etc., necessary for the transmission of electricity from said plant to the city; and that, in pursuance of said condemnation proceedings, the city served notice upon petitioner, by the sheriff, a copy of which appears in the record, in which notice Cleveland was named as assessor on the part of the city; and that on the 24th of June, seven days after petitioner had received said notice, he selected Swift as his assessor, and on the same day gave to the city written notice of his selection (a copy of which is also set out in the record), that before the expiration of a reasonable time, the city made application to the ordinary, requesting him to appoint an assessor to act for petitioner, and the ordinary, in granting the application, named M. E. Maxwell; that notwithstanding petitioner's selection of said Swift as assessor, "said city persists in disregarding petitioner's assessor and petitioner's right to be represented, on the hearing of said proceeding, by an assessor of his own appointment." Petitioner avers that the appointment of Maxwell by the ordinary was unfair to petitioner, he (Maxwell) having been a former member of the city council and closely identified with the financial interest of the city. Petitioner also alleges that the city proposed to take, of his property, a strip of land thirty feet wide, whereas only fifteen feet was necessary. Upon this petition the judge granted a rule nisi and a temporary restraining order. At a subsequent hearing the city answered, averring, that nothing was done in disregard of petitioner's right, and that the appointment of the ordinary was

made more than five days after Adams was requested to select an assessor; that Adams made no attempt nor any offer to select an assessor, until two days after the appointment had been made by the ordinary for him. Defendant further avers that the strip of land sought to be condemned is necessary to the generating and distributing of electricity by the city at and from its power plant, both as a roadway and to support its pole line on and along said strip. Evidence was introduced by both parties, tending to establish the allegations in their pleadings; and the judge, after considering the same, granted an interlocutory injunction and ordered that the restraining order previously granted should be continued in force. The city excepted to this ruling.

*Joseph N. Worley,* for plaintiff in error.

*W. D. Tutt* and *C. P. Harris,* contra.

BECK, J. (After stating the facts.) We are of the opinion that the court did not err in granting the interlocutory injunction. Certainly there was no abuse of discretion, under the evidence introduced to support the allegations of the petition. The Civil Code, §4660, provides that "The corporation or person seeking to condemn property for public purposes shall serve a notice upon the owner of the property and upon the owner of any remainder, reversion, mortgage, lease, security-deed, or other interest therein," and it is further provided, in §4667, that "Unless service is acknowledged or waived, a copy of such notice shall be served by a sheriff or deputy, personally or by leaving a copy at the residence of the owner, or mailed in case of non-residents, at least fifteen days before the day fixed for assessing the damages;" and section 4669 prescribes the contents and direction of the notice, in the following language, "All notices shall be directed to the owner or owners, and shall describe the property or franchise and the amount of interest therein sought to be condemned; fix the time when the hearing will be had on the premises; give the name of the assessor selected by said corporation, and request the owner, trustee, or representative, as the case may be, to select an assessor." Section 4670 provides for the appointment of an assessor by the ordinary, in case the owner of the property sought to be condemned fails to make a selection.

The law does not definitely fix time within the limits of which the owner must make the selection, and, without now passing

upon the question as to whether he would have the full period of fifteen days (that being the number of days which must precede the day fixed for assessing the damages after the service of the prescribed notice), we hold that the owner of the land to be condemned would be entitled to a reasonable time within which to name the assessor chosen by him. This is a substantial right of which he should not be deprived, unless he refuses or neglects, until after the expiration of a reasonable time, to exercise the right. The owner in the present case was served with the notice provided by law, on the 17th day of June, and the time fixed for assessing damage was the 6th day of July following. Seven days after the service he named the assessor chosen by him, and gave due notice to the City of Elberton. In the meantime, under the provision of §4670, the city had notified the ordinary that the owner had failed to select an assessor, and that official proceeded to name one for the owner, and the two assessors,—that is, the one selected by the city and the one named by the ordinary,— were proceeding "to name a third assessor to complete the board of assessors and to appraise and value petitioner's property." That being true, the court properly, in the exercise of the discretion vested in it, granted the interlocutory injunction.

We can not hold, as a matter of law, that the petitioner lost his right to select an assessor merely because, before the service of the notice, he had expressed an intention to "have nothing to do with the proceedings." However fixed in that intention and however emphatically and forcibly he may have expressed it, he had a right to change it after the legal notice was duly served, and to exercise his right of choosing an assessor, provided he did so within the time allowed by law.

*Judgment affirmed. All the Justices concur, except Holden, J., disqualified.*