11286.    HENDERSON *v.* HINES, director-general.

STEPHENS, J. 1. A motion to dismiss the bill of exceptions " because same does not properly show any service  .  .  upon the defendant in error " will be denied when counsel for the defendant in error, in their brief filed in this court, admit " that due and legal service was acknowledged by its attorneys upon a paper which was properly entitled in the cause," and where such acknowledgment of service appears on a paper signed by counsel for the defendant in error, properly entitled in the case and properly describing the case filed in this court, although there appears from the record no entry of filing of such paper in the court below.

2. What acts of the master are among the risks assumed by the servant, and what conduct of the servant amounts to a failure to exercise due

care to avoid the consequences of the master's negligence, are ordinarily questions for the jury; and in a suit by the servant to recover of the master for personal injuries received by the servant while in the master's employ, by reason of the alleged negligence of the master, these questions will not be solved against the plaintiff on demurrer, unless the facts alleged in the petition imperatively demand the inference that the alleged negligent act of the master, causing the injury to the servant, was a risk assumed by the servant, or that the servant could by the exercise of due care have avoided the consequences of the master's negligence. *Augusta Southern R. Co.* v. *Dade,* 105 *Ga.* 134, 137 (31 S. E. 420); *Southern Cotton Oil Co.* v. *Gladman,* 1 *Ga. App.* 259(8) (58 S. E. 249). The facts alleged in the petition not being of such a character as to demand this inference, the general demurrer to the petition was improperly sustained.

3. Where the act complained of was the negligent throwing of cross-ties out of the train by a train crew at a place in a populous community where the train crew knew that people were in the habit of passing, an employee of the railroad who happened, in the discharge of his duties, to be passing over such passageway, and was injured by such negligent act of the train crew, may recover for such negligence if it was the proximate cause of his injury. The special demurrer was improperly sustained.

*Judgment reversed. Jenkins, P. J., and Hill J., concur.*

DECIDED FEBRUARY 26, 1921.

Action for damages; from city court of Thomasville — Judge W. H. Hammond. January 5, 1920.

The petition alleges, substantially, that the plaintiff was in the employ of the defendant as a brakeman, and on a certain date was the member of the crew of a certain freight-train of the defendant; that the train on that day had been stopping at intervals for the purpose of allowing certain track-laborers under the supervision of a section-foreman, who were in one of the box-cars of the train, to throw off cross-ties; that these cross-ties were, in accordance with custom, being thrown off on the right side of the train; that at a certain stop the conductor of the train, in the presence of the section-foreman, told the plaintiff that at the next stop the engine was to be cut off from the train, and directed the plaintiff to perform this duty; that the plaintiff, at the next stop, alighted from the rear of the train and proceeded to walk up the track on the left side of the train, towards the engine, for the purpose of carrying out the orders of the conductor, and that, when he reached the door of the car where the section-foreman and his crew of track-laborers were at work, he was sud-

denly and without warning struck by a cross-tie which had been thrown off from the left side of the train in violation of the custom; that at the previous stops no cross-ties had been thrown off on the left side of the train; that the place where the plaintiff was struck was near a large town, and that the right of way on both sides of the track at that point was used by the public as a highway and pathway, and that the section-foreman and the plaintiff both knew of this; that the section-foreman failed to give any warning before throwing off the cross-ties; and that the defendant was negligent in the following particulars: in permitting the cross-ties to be thrown off on the left side of the train and on the side opposite to that formerly used; in permitting the cross-ties to be thrown off without giving any warning to the plaintiff and others who might be passing, and in failing to maintain a lookout for that purpose; in permitting cross-ties to be thrown off at a time when the section-foreman knew that the plaintiff was to pass the car in going up to the engine for the purpose of obeying the orders which the section-foreman heard the conductor of the train give to the plaintiff, without giving warning to the plaintiff; in permitting cross-ties to be thrown off without maintaining a lookout and giving warning, when the section-foreman knew that the right of way at that point was used by the public in general. It is alleged that at the time of his injury the plaintiff was in the exercise of ordinary care and did not anticipate and could not foresee any of the negligent acts complained of; that he took the precaution to walk on the left side of the track, knowing that no cross-ties had theretofore been thrown off on that side of the track. The trial judge sustained a general demurrer to the petition, and the plaintiff excepted.

*W. I. MacIntyre, J. E. Craigmiles, Shelby Myrick,* for plaintiff.. *Merrill & Moore, Bennet & Branch,* for defendant.