## HASKINS *et al.* v. CLEMENTS.

PER CURIAM. The original petition as amended did not allege a cause of action for setting aside the verdict and judgment complained of; and consequently the trial judge erred, while passing upon the law .and facts without a jury, in rendering such a judgment.

*Judgment reversed. All the Justices concur, except*

RUSSELL, C. J., dissenting. 1. The court did not err in overruling the demurrers of the defendant. These were general demurrers, and could not reach structural defects which were amendable, though such defects might have been subject to attack by special demurrers. A motion to set aside a judgment and reinstate a case can not be determined by any fixed rule, but depends upon the circumstances of each case. *Storey* v. *Weaver*, 66 *Ga.* 296. A judgment may be set aside for defendant's absence from providential cause, provided it is shown that the defendant was absent for such cause and unable to notify the court of his condition, and that he had a meritorious defense, and such other facts as would render it improbable or doubtful whether the plaintiff could recover. *Phillips* v. *Taber*, 83 *Ga.* 566 (4) (10 S. E. 270).

2. The court properly postponed consideration of the plea in abatement, for the reason that this dilatory. plea raised issues of fact which the court properly held to be matters to be submitted to a jury in a final trial of the case upon its merits.

3. The evidence authorized a finding upon the part of the judge (passing, by consent, upon issues of fact as well as of law) that the judge presiding in the prior trial was disqualified; and therefore the trial judge was authorized to find as a matter of law that the verdict of the jury and the judgment of the court in the former adjudication were voidable, and that the same should be set aside, and that the affidavit of illegality should be reinstated.

4. The question of the disqualification of the judge who presided in the case in which the judgment now sought to be set aside was rendered being the paramount and controlling issue in the proceeding brought to set such judgment aside, the trial judge properly considered this issue; and having determined that the judge was disqualified, this decision rendered unnecessary any consideration or adjudication of other questions in the case.

5. (a) The ruling to the effect that the credibility of the witnesses is a matter addressed solely to the jury necessarily applies to a judge who is acting both as court and jury by consent of the parties. Under this well-settled rule, the evidence before the judge, although in conflict, fully authorized the court to find that a named attorney was not of counsel for the plaintiff in the trial of a former issue raised by affidavit of illegality, and also to find that the said attorney did not know of the disqualification of the judge who presided in the former trial.

(b) The discretion of the trial judge as to the credibility of the witnesses when he is sitting as a trior of facts will not be interfered with, unless manifestly abused. And such discretion can never be said

to be abused merely because the evidence which was rejected by the judge would have authorized a different finding provided the testimony rejected had been preferred or had been held to be more credible.

6. A judge of the superior court who is related to either of the parties in a case within the fourth degree of consanguinity or affinity is disqualified to preside therein. *Short* v. *Mathis*, 101 *Ga.* 287 (28 S. E. 918). The rule is not altered by the fact that he is equally related to both parties. " The statute disqualifies a judicial officer where his relation to a party at interest is within the fourth degree by consanguinity or affinity, and makes no exception on account of being related equally or otherwise to a party on the opposite side of the controversy." That a judicial officer is related within the prohibited degrees to parties on both sides of a controversy does not relieve the disqualification. *Tucker* v. *Roberts*, 151 *Ga.* 753-762 (108 S. E. 222).

No. 3146. MARCH 3, 1923.

Equitable petition. Before Judge Eve. Atkinson superior court. February 20, 1922.

William Clements instituted an equitable action against J. H. Haskins, F. A. Shaw, L. L. Shaw, J. V. Nix, sheriff, and J. M. Studstill, deputy sheriff, seeking to set aside a verdict and judgment, and to enjoin the levying officers from advertising and selling certain property under a fi. fa. based on that judgment. The petition was sanctioned on November 26, 1921, and a restraining order was granted. At an interlocutory hearing on February 9, 1922, the restraining order was continued of force until the issues could be passed upon by a jury at the February term of court, which would convene February 20, 1922. On the day last mentioned the defendants filed a plea in abatement, a demurrer, an answer, and a motion to vacate the temporary injunction. On the same day the plaintiff filed an answer to the motion to vacate. Upon the pleadings thus recited the trial proceeded under an agreement that the judge should pass upon all questions of law and fact, without the intervention of a jury. Evidence was heard, and after argument of counsel the following judgment was rendered: " This case was heard at Chambers in Tifton, Ga., on the 9th day of February, 1922, and the interlocutory order granted on the 26th day of November, 1921, was made continuous until the 20th day of February, 1922. This case coming on to be heard in open court on the motion to vacate the judgment, and the court taking the whole case into consideration and determining all issues of law and fact, without intervention of a jury, by consent of all parties, passing upon the plea in abatement of defend-

ants, the demurrers of defendants, the original bill of the plaintiff, and the answer thereto of the defendants, the court finds as a matter of fact and law that the Hon. R. G. Dickerson, at the time the illegality case was tried before the court at the October term, 1921, that said judge by reason of his relationship was disqualified. The verdict of the jury and the judgment of the court for this reason being voidable, the same is hereby vacated, and the case is reinstated to be tried upon its merits on the levy and illegality before the court and a jury qualified to hear same. Upon the trial of this case the judge of his motion eliminated all issues save that of the invalidity or voidability of the original judgment signed by Hon. R. G. Dickerson. The court finds as a matter of fact that John P. Knight is not an attorney at law representing the plaintiff, and that at the time the motion for continuance was presented by the said J. P. Knight in behalf of J. Z. Jackson the said J. P. Knight had no knowledge of the disqualification of the Hon. R. G. Dickerson through such relationship. Order signed in term time, this 20th day of February, 1922."

Error was assigned upon this judgment. The allegations of the petition were substantially as follows. J. H. Haskins instituted an action on a promissory note for $1500, executed by Shaw Brothers, a firm composed of F. A. Shaw, C. D. Shaw, and L. L. Shaw, which note was payable to J. H. Haskins or order. Shaw Brothers filed a paper called an intervention, alleging that William Clements (plaintiff in the present action) and D. McPhatter had assumed payment of such note, and on the basis of such assumption were liable for its payment. Accordingly it was prayed that they be made parties defendant. Clements resided in another county, and the intervention was never served on him, and the court did not acquire jurisdiction of his person; but nevertheless a verdict and judgment were entered against him. A fi. fa. was promptly issued, sent to the county of Clements' residence, and levied on his property. The levy was resisted by an affidavit of illegality, which alleged that Clements had not been served, had not acknowledged service or waived service, and had not authorized any one to do so for him, and that he had not otherwise had his day in court. The sheriff's return of service of the intervention was traversed, and the sheriff and his deputies .

were made parties.  The illegality and traverse were duly returned to the superior court having jurisdiction of the illegality case, and stood for trial at the June term, 1921.  The illegality case was continued for the term, on account of the illness of Clements, and in order to perfect service of the traverse on the sheriff and his deputy.  At the October term, 1921, when the case was called and the attorney for the plaintiff in fi. fa. announced ready, J. P. Knight, Esq., stated to the court "that he had been requested as a matter of courtesy" to the attorney of Clements to move for a continuance, and thereupon made such motion and in support thereof submitted evidence showing that Clements was too ill to attend.  The motion for continuance was overruled, and the case proceeded to trial in the absence of Clements and his attorney.  A verdict and judgment were rendered against the traverse and the illegality.  The judge presiding at such trial was disqualified on account of relationship within the prohibited degree to the deputy sheriff and each of the members of Shaw Brothers who were interested as parties adversely to Clements.  At the time of the trial neither Clements nor his attorneys knew of the disqualification of the judge to the adverse parties, and were not apprised of the fact until after the adjournment of the term of court; and as soon as the information was gained, this suit was instituted. The prayers were, that the verdict and judgment be set aside and the illegality case reinstated on the docket, and that the levying officers be enjoined from advertising and selling the property.

*J. W. Quincey* and *R. A. Hendricks,* for plaintiffs in error.

*J. Z. Jackson,* contra.