## SHEPPARD v. CITY OF EDISON et al.

RUSSELL, C. J.  1. The plaintiff filed his petition for injunction to restrain the defendants from proceeding further in an effort to condemn certain of his lands located in the City of Edison. He claims the right to the injunctive relief upon the ground, among others, that the provisions of the act of the General Assembly to amend the charter of Edison, approved August 4, 1923 (Acts 1923, p. 640), relating to the condemnation of land for school purposes, the proceedings for condemnation, and the notice to be given to the owners of property sought to be condemned, are in violation of article 1, section 1, paragraph 3, of the constitution of Georgia (Civil Code, § 6359), guaranteeing that no person shall be deprived of his property except by due process of law. These provisions of the act referred to above are not open to this criticism, inasmuch as the act provides for a hearing before assessors duly appointed after notice, in the same manner and under the same regulations as are contained in the general law for condemnation of private property, embraced in the Civil Code, § 5206 et seq.

2. Nor are those provisions violative of article 1, section 3, paragraph 1, of our State constitution (Civil Code, § 6388), which provides that private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid. The act in question provides that if the city "can not by contract procure the land or property or the interest therein necessary for the use contemplated, then it shall be lawful for said city to take the property, upon payment or tendering to the owner just and adequate compensation," etc., and in express language confers the power to condemn land for school purposes.

3. The use for which the property may be taken by the exercise of the

---

Eminent Domain 20 C. J. p. 516, n. 20; p. 586, n. 22; p. 629, n. 99; p. 647, n. 97; p. 980, n. 22; p. 1025, n. 86; p. 1169, n. 73.

Statutes 36 Cyc. p. 991, n. 87.

right of eminent domain, as provided in this section, is a public use; that is, for school purposes.

4. There is nothing in the act violative of the principle that private property can not be taken "for public use unless there is in point of fact an actual necessity for such taking." Whether an actual necessity existed for the taking of the property depended in this case upon evidence, and from the evidence adduced upon the hearing the court was authorized to find that there was an actual necessity for the taking of the property in question.

5. The use, in the section of the act conferring the power to condemn private property for school purposes, of the expression "when in their judgment it may be necessary," does not have the effect of making the right to the exercise of the power of eminent domain dependent merely upon the judgment of the city council instead of upon the actual fact of the existence of the necessity for the taking for public purposes. It by no means substitutes "their judgment" for the actual necessity which must exist before they can proceed with the condemnation of private property.

6. The portions of the act under consideration are not unconstitutional, as contended, upon the ground that they are violative of article 1, section 4, paragraph 1, of the constitution of this State (Civil Code, § 6391), which provides that no special law shall be enacted in any case for which provision has been made by an existing general law. A comparison, section by section, of the provisions of the act of August 4, 1923, which have relation to the condemnation of land and other property, with the corresponding provisions of the general law, will disclose that they are in substance the same as the provisions in the general law upon that subject, embraced in section 5206 et seq. of the Civil Code. And proceedings instituted and conducted under the provisions of the act of 1923 amount to notice given and proceedings instituted under the general law upon the same subject.

7. Nor are the provisions of the act of 1923 in question violative of paragraph 1, section 4 of article 1 of the constitution of this State declaring that no special law shall be enacted in any case for which provision has been made by an existing general law, because, as contended, in the general law upon the subject of condemnation of private property (Civil Code, § 5206 et seq.), applicable to all corporations, including municipalities, there is a provision, among others, that such corporation shall, upon payment for the property condemned, become vested with such interest only in the property taken as may be necessary to enable the corporation to exercise its franchise or conduct its business; and that "whenever the corporation or person shall cease using the property taken for the purpose of conducting their business, said property shall revert to the person from whom taken, his heirs or assigns." The act of 1923 does not contemplate the taking of any other or larger interest in the property than that provided for in the general law, inasmuch as the right to condemn under the act of 1923, in the sections under consideration, is limited to the right of condemnation "for school purposes in said city." In this respect the question presented is entirely different from that presented and ruled against the city in the case of O'Dowd Co. v. City Council of Augusta, 141 Ga. 748 (82 S. E. 148).

8. Construing together sections 5209, 5218, 5216, and 5219 of the Civil Code of 1910, the landowner has until the day fixed for the hearing in the notice in which to appoint his assessor, which hearing shall not be less than fifteen days from the time of serving the notice. A different ruling is not required by the decision in *City of Elberton* v. *Adams,* 130 *Ga.* 501 (61 S. E. 18), decided by five Justices.

9. Applying the ruling stated in the last headnote, the judge erred in refusing an injunction.

*Judgment reversed. All the Justices concur, except Beck, P. J., and Hill, J., dissenting.*

No. 4895. FEBRUARY 22, 1926.

Petition for injunction. Before Judge Custer. Calhoun superior court. April 18, 1925.

*Charles L. Glessner* and *Lowrey Stone,* for plaintiff.

*A. L. Miller* and *H. T. Singleton,* for defendants.

BECK, P. J. I dissent from the ruling made in the 8th headnote. The evidence in this case shows that the municipal authorities took all the preliminary steps essential to valid condemnation proceedings, which includes bona fide negotiations for the purchase of the property which in their judgment was necessary for school purposes, a bona fide tender of an amount equal to the value of the property, as the court was authorized to find from the evidence, and notice duly given. But in section 18-G of the act approved August 4, 1923, it is provided that "All notices shall be directed to the owner or owners, and shall describe the property and the amount of interest therein sought to be condemned, fix the time when the hearing will be had on the premises, give the name of the assessor selected by said city, and request the owner, trustee, or representative as the case may be to select an assessor." And in section 18-H it is provided that if the owner fails to select an assessor the ordinary of the county where the property is situated, upon notification of such failure, shall select an assessor for such owner. In the present case the condemnor proceeded, on the 7th day after the notice, to have the ordinary appoint an assessor for the owner as provided in the statute. Notice to the owner was served upon him on the 17th day of March, 1925, and the ordinary was notified on the 24th day of March, 1925, that the owner had refused to select an appraiser, and the ordinary was requested to make the selection in accordance with the statute, which the ordinary accordingly did on the day last mentioned, March 24, 1925. And the

question is whether the owner was given sufficient time after service of the notice within which to make a selection of an assessor. He is entitled to have a reasonable time within which to do this. *City of Elberton* v. *Adams,* 130 *Ga.* 501 (supra). The law does not definitely fix the time within the limits of which the owner must act in the matter of making a selection, but in the case last referred to this court held that "the owner of the land to be condemned would be entitled to a reasonable time within which to name the assessor chosen by him. This is a substantial right of which he should not be deprived, unless he refuses or neglects, until after the expiration of a reasonable time, to exercise the right. The owner in the present case was served with the notice provided by law, on the 17th day of June, and the time fixed for assessing damage was the 6th day of July following. Seven days after the service he named the assessor chosen by him, and gave due notice to the City of Elberton." In that case the owner, seven days after notice was served, actually named an assessor, but in the meantime the ordinary had been notified that the owner had failed to select an assessor, and that official proceeded to make the selection according to the statute; and it was held in that case that the court properly, in the exercise of its discretion, granted the ·interlocutory injunction. The discretion referred to was the discretion in passing upon the question as to whether there had been a reasonable time, as well as upon other facts in the case. In the instant case the court refused the injunction. And we should not reverse the judgment unless there was a flagrant abuse of such discretion. The judge had all the evidence before him. The ordinary had not made the selection until the 7th day after notice; but the judge was authorized to find that in the meantime the owner had repeatedly declared that he would not select an appraiser to appraise the land, and further had said that if the "town council wanted the land it would have to condemn it; that he would not have anything to do with selecting an appraiser." While the declarations made by the owner would not as a matter of law deprive him of the right ·to select an assessor, for he might change his intention, however emphatically expressed, nevertheless the court could take that into consideration, in connection with all the other evidence in the case, in passing

upon the question as to whether the owner had been given a reasonable time to make this selection. And the court's refusal of the injunction involved a finding that reasonable time had been given, and we can not say that this finding is erroneous. I am therefore of the opinion that the court did not err in refusing the injunction. I am authorized by Mr. Justice Hill to say that he concurs in this dissent.