SHEPPARD *v.* CITY OF EDISON *et al.*

ATKINSON, J. 1. It is declared in the constitution of this State (Civil Code of 1910, § 6579) : "Authority may be granted to counties, militia districts, school districts, and to municipal corporations, upon the recommendation of the corporate authority, to establish and maintain public schools in their respective limits by local taxation."

2. It is provided in section 18B of the act approved August 4, 1923 (Acts 1923, p. 640), amending the charter of the City of Edison, "That said city council . . shall have the right to condemn land and other property for school purposes, when in their judgment it may be necessary for the use of any school in said city, or for the enlargement of the grounds for said schools, or for the purpose of enlarging and improving the schools of said city, or for their benefit." This provision of the municipal charter is sufficiently broad to authorize exercise of the power of eminent domain by the municipality for enlargement of school grounds maintained by the city for public schools.

3. The section just quoted is not violative of article 1, section 4, paragraph 1, of the constitution of this State, (Civil Code of 1910, § 6391), inhibiting enactment of a special law in cases for which provision has been made by an existing general law.

---

Eminent Domain, 20 C. J. p. 536, n. 50.
Pleading, 31 Cyc. p. 297, n. 25; p. 410, n. 89.
Schools and School Districts, 35 Cyc. p. 818, n. 66.
Statutes, 36 Cyc. p. 991, n. 87.

4. The statute is not violative of the provisions of article 8, section 1, paragraph 1, of the constitution of this State (Civil Code of 1910, § 6576), that the systems of common schools shall be "as nearly uniform as practicable," because there is no provision for exercise of the power of eminent domain in behalf of any other school district in the State.

5. A petition by a plaintiff suing as owner of land and as a citizen and taxpayer, in an action against a municipality and its officials, to enjoin statutory proceedings to condemn the land for enlargement of public-school grounds by exercise of the power of eminent domain, on the grounds that the proceedings were irregular and the statutes upon which they were founded were unconstitutional, and there was no actual necessity for the land for the purposes above stated, is not amendable by alleging that the county school officials, in pursuance of an illegal combination with the municipality, were conducting a county school in the city-school buildings, and seeking to enjoin the use of the buildings for such purpose. Such amendment would add a new cause involving parties who were not made parties in the original petition.

6. In view of the ruling announced in the second headnote, the questions raised as to the constitutionality of the provision in the amendment to the municipal charter of 1906 (Acts 1906, pp. 737-742), that "They may maintain a system of white city schools," becomes immaterial, and no ruling will be made on the questions so raised.

7. The judge did not err in disallowing the proffered amendments.

8. The petition did not allege a cause of action for recovery of attorney's fees, and the judge did not err in sustaining the demurrer to the special prayer in the petition for attorney's fees.

9. On the question as to necessity for condemning the land in this case for school purposes, the evidence demanded a finding that there was such a necessity, and the judge did not err in directing a verdict for the defendants as to that question. The ruling in the fourth headnote of the decision in this case when it was here on a former occasion, *Sheppard* v. *City of Edison,* 161 *Ga.* 907 (132 S. E. 218), was not a ruling that the evidence required a submission of the question to a jury.

10. In the light of the principles ruled in the foregoing notes, there was no merit in the exceptions to the decree upon the grounds therein taken.

. *Judgment affirmed. All the Justices concur, Gilbert, J., specially.*

No. 5860. MARCH 2, 1928.

Equitable petition. Before Judge Custer. Calhoun superior court. January 28, 1927.

The exceptions were to a judgment refusing a new trial, and to rulings (a) disallowing proffered amendments to the petition, (b) sustaining a special demurrer to a prayer for recovery of attorney's fees, and (c) directing the verdict. The case was formerly before the Supreme Court on exception to refusal of an interlocutory injunction on application of the plaintiff, suing as a landowner and as a citizen and taxpayer, to enjoin statutory proceedings by the city to condemn land of plaintiff for the purpose

of enlarging the grounds on which a school was located. *Sheppard
v. Edison,* 161 *Ga.* 907 (supra).

*C. L. Glessner* and *Lowrey Stone,* for plaintiff.

*A. L. Miller,* for defendants.