BRYANT v. MITCHELL, mayor.

JENKINS, Justice. 1. Before the act of 1935 (Ga. L. 1935, p. 396), section 4642 of Park's Code was as follows: "No judge or justice of any court . . can sit in any cause or proceeding in which he is pecuniarily interested, or related to either party within the fourth degree of consanguinity or affinity." Since that act, the Code, § 24-102, provides that "No judge or justice of any court . . shall sit in any cause or proceeding in which he is pecuniarily interested, nor preside, act, or serve, in any case or matter, when such judge is related by consanguinity or affinity to any party interested in the result of the case or matter, within the sixth degree." Whether the act of 1935 had the effect of limiting the disqualification of a judge, by relationship to a party, to only those cases where such party has an interest in the proceeding, or whether after that act relationship to a party to the case, whether pecuniarily interested or not, renders a judge disqualified, need not be decided in this mandamus case. But

136

see *Georgia Power Co.* v. *Watts,* 184 *Ga.* 135(2), 141 (190 S. E. 654, 110 A. L. R. 465); *Roberts* v. *Roberts,* 115 *Ga.* 259, 262 (41 S. E. 616, 90 Am. St. R. 108); *Short* v. *Mathis,* 101 *Ga.* 287 (28 S. E. 918); *Young* v. *Harris,* 146 *Ga.* 333 (91 S. E. 37); *Tibbs* v. *Atlanta,* 125 *Ga.* 18 (2) (53 S. E. 811); *Augusta Southern R. Co.* v. *McDade,* 105 *Ga.* 134 (2), 136 (31 S. E. 420); *Field* v. *Manly,* 185 *Ga.* 464 (195 S. E. 406); *Elder* v. *Camp,* 193 *Ga.* 320 (18 S. E. 2d, 622), and cit. In such a proceeding brought under the Code, § 64-101, against a mayor, seeking to compel the faithful performance of his official duties, the action is essentially a "personal" one "against the respondent, and not one in rem against the office," and must necessarily be accounted as involving his personal and pecuniary rights. This is true since the respondent is amenable to the penalty of contempt in the event that he refuses to obey the writ of mandamus, directing a faithful performance of his official duties as adjudged by the court, and since he might also be liable "in damages to the extent of . . injury arising from his conduct" in refusing to perform such duties. 34 Am. Jur. 812, § 7; 35 Am. Jur. 126, § 390, and cit. Accordingly, it can not be said that the mayor, a brother of the judge, had no interest in the litigation within the meaning of the Code, § 24-102; and it was error to deny the petitioner's motion for disqualification.

2. "The error in refusing to entertain the motion [to disqualify the judge] rendered all further proceedings nugatory." Consequently no ruling can properly be made on other assignments of error. *Gaskins* v. *Gaskins,* 181 *Ga.* 124, (3-*b*) (181 S. E. 850); *State Mutual Life Insurance Co.* v. *Walton,* 142 *Ga.* 765 (3), 766 (83 S. E. 656).

*Judgment reversed. All the Justices concur.*

No. 14362. DECEMBER 2, 1942.

*Shaw & Shaw,* for plaintiff. *Stafford R. Brooke,* for defendant.