19868. McCALLUM *et al.*, Commissioners, etc., *v.* BRYAN, Mayor, *et al.*

Mobley, Justice. L. B. McCallum and others, as members of the Board of Commissioners of the Peace Officers' Annuity and Benefit Fund of Georgia, brought this petition against Martin Bryan, as Mayor of the City of Rossville, Miles Gilbert, Robert McCoy, L. L. Jarnigan, and Vernon McGee, as Councilmen of the City, and J. D. Byrd, as City Clerk, City Treasurer and Councilman, City at Large, seeking the writ of mandamus to require the defendants to pay to the petitioners $2,549, alleged to be due under the provisions of the act of 1950 (Ga. L. 1950, p. 50). The petition alleged in substance that it was the duty of the defendants to pay to the Secretary-Treasurer of the Fund one dollar out of each fine or bond forfeiture in the amount of five dollars or more in each criminal or quasi-criminal case for violations of the laws and ordinances of the City of Rossville from January 1 to April 1, 1953; and that during said period 85 such cases were disposed of in the Mayor's Court, where such cases are handled, making the sum of $85 due and payable; that from April 1, 1953, to January 1, 1957, two dollars were due on each such case under the law, and 1,322 such cases were disposed of during that time, making a total of $2,644 due for the latter period, which, when added to the $85, makes a total sum of $2,729; that $180 was paid on March 5, 1957, to the Secretary-Treasurer of the Fund, leaving a balance due of $2,549; that demand for payment had been made upon

the defendants, and they have failed and refused to pay; and that said sum, on direction of the mayor and council, had been mingled by the clerk-treasurer with the general funds of the city. The petition prayed that the clerk-treasurer of the city issue a voucher payable to the Fund in the sum of $2,644; and that the defendants be required to do each and every act required of them in making payment of the aforesaid sum. To the petition the defendants filed general and special demurrers, and to an order of the trial judge sustaining the general demurrers the petitioners except. *Held:*

1. A demurrer which does not state how, or in what manner a statute violates the Constitution, and does not state why the statute is in violation of the Constitution, is insufficient to raise any question as to the constitutionality of the statute. *Heard* v. *Pittard,* 210 *Ga.* 549, 552 (81 S. E. 2d 799), and cases cited. Since the general demurrer in this case simply alleged that the petition did not state a cause of action, it did not raise any question as to the constitutionality of the statute upon which this court could pass.

2. That the petitioners are the proper parties to collect the funds due under the act of 1950, creating the Peace Officers' Fund, was established by this court in *Cole* v. *Foster,* 207 *Ga.* 416 (61 S. E. 2d 814).

3. The writ of mandamus may issue against officials to compel due performance of official duties. Code § 64-101. "Mandamus lies against an officer to require the performance of a clear legal right." *Harmon* v. *James,* 200 *Ga.* 742 (38 S. E. 2d 401). What the writ of mandamus seeks to enforce is the personal obligation of the individual to whom it is addressed. *Bryant* v. *Mitchell,* 195 *Ga.* 135 (23 S. E. 2d 410). The writ does not reach the office nor can it be directed to the office. It acts directly on the person of the officer or other respondent, coercing him in the performance of a plain duty. It is a personal action against the officer and not one in rem against the office. 34 Am. Jur. 812, § 7; *Wilkerson* v. *City of Rome,* 152 *Ga.* 762 (3) (110 S. E. 895, 20 A. L. R. 1334); *Board of Education of Candler County* v. *Southern Michigan Nat. Bank,* 184 *Ga.* 641 (192 S. E. 382); *City of Elberton* v. *Adams,* 130 *Ga.* 501 (61 S. E. 18); United States *v.* Boutwell, 84 U. S. 604 (21 L. ed. 721). Consequently, there is no merit in the defendants' contention that the city should have been made a party to the proceedings. If the petition-

ers are entitled to relief against any of the defendants, it would not have been proper to sustain a general demurrer to the petition because there are others who should be included as parties or because some of the defendants should not have been joined in the action. Misjoinder or nonjoinder of parties must be taken advantage of by special demurrer.

4: There is no merit in the defendants' contentions that the claim is prematurely brought because it is unliquidated and can not be subjected to mandamus until reduced to judgment. The petition alleges that 85 cases were disposed of in the mayor's court, for which one dollar per case is due under the act; and that 1,322 cases were disposed of, for which two dollars per case are due, making a total of $2,729; that one payment of $180 was made, leaving a balance due of $2,549. Since the general demurrer admits the allegations of the petition, the amount due in this case is not uncertain. The amount being certain, and the only duty required of the defendants being the ministerial duty of making payment of a sum already collected by them, it is not necessary that the claim be reduced to judgment before mandamus would lie. *Justices &c. of Houston County* v. *Felder,* 23 *Ga.* 212; *Dennington* v. *Mayor &c. of Roberta,* 130 *Ga.* 494 (61 S. E. 20).

5. The petition alleges that the funds which are sought to be recovered were collected by the defendants and that the clerk-treasurer, at the direction of the mayor and council, deposited the collections in the general funds of the city, and petitioners seek by this proceeding to require the mayor and council to direct the issuance of a voucher by the clerk-treasurer in an amount sufficient to pay the amount due. The city contends that the petition is defective in that it fails to allege that there are funds in the city treasury sufficient to pay the amount claimed, and also that the issuance of a voucher would be a fruitless act, and for said reasons the court should not direct the doing of such acts. The petition, in addition to praying for the issuance of a voucher, also prays that "The defendants be required to do each and every act required of them in making payment of the aforesaid sum." There is no allegation in the petition that there is not sufficient money in the treasury of the city to pay the claim. It is alleged that these funds have been commingled with the general funds of the city of Rossville. The court would not presume an illegal disbursement of the funds, but would presume that they were

being held for payment as required by the act of 1950 (Ga. L. 1950, p. 50). Under the allegations of the petition and the prayers, we are of the opinion that it is the duty of the trial court in this case to issue such order as the facts disclosed would be necessary to effect payment by the defendant, or defendants, of the amount found to be due. The distinction between this case and *Hollis* v. *Jones*, 187 *Ga.* 14 (199 S. E. 203), and *Strickland* v. *Davis*, 184 *Ga.* 76 (190 S. E. 586)— which are strongly relied upon by the defendants to support their contention that the petition must allege funds on hand to pay the amount sought—is that it is alleged here that the funds have been collected by the city; that the funds belong to the petitioners; that they have not been legally disbursed by the city, but have been wrongfully placed in the general funds of the city; that the funds do not belong to the city and can not be rightfully held by it; whereas, in *Hollis* v. *Jones*, the plaintiff could not "compel the defendants to pay her a pension out of funds that are not in existence where such funds as were received by the board were properly applied in accordance with the statute." The same was true in *Strickland* v. *Davis*—there were no funds to apply on payment of plaintiff's claim or any assurance that there would ever be any.

6. The petition stated a cause of action for mandamus, and the trial court erred in sustaining the general demurrer.

*Judgment reversed. All the Justices concur.*

ARGUED OCTOBER 14, 1957—DECIDED NOVEMBER 12, 1957.

*Adams & McDonald, Cravey & Pentecost,* for plaintiffs in error.

*A. W. Cain, Jr., Paul W. Painter,* contra.