20753. McCALLUM *et al.,* Commissioners *v.* MOORE, Mayor *et al.*

ARGUED JANUARY 11, 1960—DECIDED FEBRUARY 11, 1960.

*Adams & McDonald, Cravey & Pentecost,* for plaintiffs in error.

*Howe & Murphy,* contra.

HEAD, Presiding Justice. ■ Grounds one and two of the general demurrer, which undertake to attack as unconstitutional certain acts of the General Assembly, are wholly insufficient to raise any constitutional question. Each of these grounds reads as follows: "Defendants demur generally to plaintiffs' petition as amended and move that same be dismissed on the grounds that the Acts of the Legislature upon which said petition is based are unconstitutional in that they violate" stated provisions of the Constitution of Georgia. No law is specified as violating the provisions of the Constitution, and it is not stated how and wherein such law violates the Constitution. This court has repeatedly held that these requirements must be met before any question as to the constitutionality of a law can be passed upon. See *Price* v. *State,* 202 *Ga.* 205 (42 S. E. 2d 728); *Stegall* v. *Southwest Georgia Regional Housing Authority,* 197 *Ga.* 571 (30 S. E. 2d 196); *Davis* v. *State,* 204 *Ga.* 467 (50 S. E. 2d 604); *McCallum* v. *Bryan,* 213 *Ga.* 669 (100 S. E. 2d 916). It therefore follows that these grounds of the demurrer do not present any question as to the constitutionality of any act of the General Assembly, and it was error to sustain them.

■ The third ground of the general demurrer contends that section 10 of the Peace Officers Annuity and Benefit Fund Act (Ga. L. 1950, p. 50 with the various amendments thereto, all of which are specified), is unconstitutional because it violates art. 7, sec. 2, par. 1 of the Constitution of Georgia, in that it is an attempt to impose a tax for an unauthorized purpose. There is no merit in this contention. This question has been directly passed upon by this court in *Cole* v. *Foster,* 207 *Ga.* 416 (61 S. E. 2d 814), where it was said: "We do not construe the $1 to be a tax. Fines and bond forfeitures and the disposition thereof are proper subject-matters of legislation. And an act allocating a portion of a fine or forfeiture is neither in violation of article 7, section 2, paragraph 1 of the Constitution (Code, Ann., § 2-5501) as seeking to impose an unauthorized tax, nor violative of article 7, section 5, paragraph 1 (Code, Ann., § 2-5801), as being an appropriation of money." It follows that this ground of the demurrer was improperly sustained.

■ From what has been said above, it follows that the judgment of the court below sustaining the grounds of the general demurrer was erroneous and must be

*Reversed. All the Justices concur.*