SHUFORD, executrix, *et al. v.* SHUFORD *et al.;* and *vice versa.*

FISH, C. J. 1. In a claim case, if one of the counsel for the plaintiff in fi. fa. has a contingent fee and is related to the presiding judge within the fourth degree of consanguinity, this raises a disqualification on the part of the judge to preside in the case. *Roberts* v. *Roberts,* 115 *Ga.* 259 (41 S. E. 616, 90 Am. St. R. 108) ; *Short* v. *Mathis,* 101 *Ga.* 287 (28 S. E. 918).

2. Such disqualification can be urged on behalf of either party in the case, and the judge should not preside over objection coming from either side, duly made.

3. Disqualification of a presiding judge on account of relationship to a party or to one of the attorneys who has a contingent fee in the case may be waived, expressly or impliedly. A party will not be permitted,

with knowledge of such disqualification, to try his case before a judge so disqualified, take the chance of winning his suit, and then for the first time raise the question of disqualification. If counsel know of such disqualification, he should make the point in limine. Civil Code, § 4642; *Shope* v. *State*, 106 *Ga.* 226 (32 S. E. 140); *Tindall* v. *Nisbet*, 113 *Ga.* 1114, 1132 (39 S. E. 450, 55 L. R. A. 225); *Hadden* v. *Thompson*, 118 *Ga.* 207 (2), 208 (44 S. E. 1001); *Brown* v. *Holland*, 111 *Ga.* 817 (35 S. E. 643).

4. That the presiding judge on Monday morning called the cases and set them for trial during the week, announcing also that cases in which he was disqualified would be tried at a special term to be held at a later date, and that this case was called and set down for trial on Thursday, without any suggestion of disqualification being then made, was not alone sufficient to operate as a waiver of such disqualification.

(a) There was no affirmative action taken by a party to the case or by counsel, at the time when the case was set down for trial, which amounted to a waiver of disqualification. Especially is this true in view of the fact that different code sections provide more than one way in which a judge or judge pro hac vice may be obtained for the trial of a case in which the regular presiding judge of the circuit is disqualified. Civil Code, §§ 4855-4858.

5. If the making of a motion for a continuance on the day when the case was set for trial, and before it was reached in its order, by counsel for the plaintiff in fi. fa., with knowledge of the disqualification of the presiding judge, and the overruling of such motion would otherwise have operated as a waiver of such disqualification, yet, where it then appeared that the plaintiff in fi. fa. was dead, and no party had been made in his stead, so that in fact there was no plaintiff in fi. fa. before the court against whom a binding ruling or adjudication could be made, the making of the motion for a continuance and its overruling in such circumstances would not operate as a valid proceeding and adjudication in the cause, or prevent counsel from then raising the point of the disqualification of the judge. *Ray* v. *Anderson*, 114 *Ga.* 975 (41 S. E. 60).

6. After the motion for a continuance, made as indicated in the preceding headnote, had been overruled, if the disqualification of the presiding judge was urged before further steps were taken in the case, the point should have been sustained.

7. After the judge had overruled the objection to his presiding on the ground of his disqualification and ordered the case to proceed to trial, the fact that counsel raising the objection, subject thereto, suggested of record the death of the plaintiff in fi. fa., and moved that his executrix and a person claiming to hold a transfer of the judgment and execution be made parties plaintiff, did not operate as a waiver of the disqualification.

8. Where under such circumstances the executrix of the plaintiff in fi. fa. was made a party, and the objection to the judge's presiding on account of his disqualification was again at once raised, it was error to refuse to entertain it and allow any showing to be made in support thereof.

9. Inasmuch as the presiding judge was disqualified to try the case or to pass orders therein, and under the facts stated in the preceding headnotes his disqualification was not waived, the trial thereafter went for

naught. His action in the premises should be set aside and the case reinstated as it stood before he made any ruling in regard to it.

10. Since the ruling complained of in the cross-bill of exceptions was void on account of the disqualification of the judge, it is unnecessary to rule upon the merits of the case.

*Judgment reversed on the main bill of exceptions. Cross-bill of exceptions dismissed, without affirming the validity of the judgment. All the Justices concur, except Atkinson, J., disqualified.*

FEBRUARY 23, 1914.

Claim. Before Judge Morris. Cobb superior court. December 14, 1912.

*T. B. Irwin, Spencer R. Atkinson, Clay & Morris,* and *Griffin & Johnson,* for plaintiff. *D. W. Blair,* contra.