## GARRISON *et al. v.* MARIETTA TRUST AND BANKING COMPANY *et al.*

1. Where, in an equitable petition for injunction and receiver, a trial judge assumed jurisdiction and passed an order refusing the injunction and the appointment of a receiver; and where later the trial judge's attention was called to the fact that he was disqualified from presiding in the case, on account of relationship to some of the parties within the fourth degree of consanguinity, and he passed an order holding himself disqualified; and where subsequently the petition was presented to a trial judge of another circuit, who, after reciting the disqualification of the former judge, assumed jurisdiction of the case and issued a rule nisi calling upon the parties at interest to show cause why the order of the former judge should not be "wholly dis-

regarded as void, or, if not void ab initio, why it should not be set aside as a nullity, and why a receiver should not be appointed as prayed;" and where both sides submitted the case to the latter judge, conceding the disqualification of the former judge; and where, after hearing the case, the judge passed an order refusing the receiver, the effect of the last order is to set aside the judgment of the former judge and to refuse a receiver.

2. Under Park's Code, § 2823(i), a bank charter which has expired, the corporation having continued in business in ignorance of such expiration, may be revived, in the manner therein provided, at any time within five years from the date of such expiration.

(a) Where, under the act of 1919 (Acts 1919, p. 135), the superintendent of banks of the State of Georgia took charge of an insolvent bank, and pending the winding up of the affairs of the bank the charter of the bank expired, such charter could be revived by complying with the provisions of Park's Code, § 2823(i).

(b) Even if the charter of the bank expired before the superintendent of banks took charge of it, the latter could still retain possession of its business and assets and proceed to liquidate it as provided by law.

3. Under the act of 1922 (Acts 1922, p. 63), the superintendent of banks has authority to bring suit and collect moneys and administer the affairs of an insolvent bank, although the act was passed after the superintendent of banks took possession of the insolvent bank.

4. The court did not err in refusing a receiver.

　　No. 3479. MAY 15, 1923. REHEARING DENIED JUNE 13, 1923.

Petition for injunction. Before Judge J. B. Jones. Cobb superior court. October 14, 1922.

Miss Ruth Garrison et al. filed an equitable petition against the Marietta Trust and Banking Company and against T. R. Bennett as superintendent of banks of the State of Georgia, and prayed for injunction, receiver, and other equitable relief. The petition alleged in substance the following: The Marietta Trust & Banking Co. is a corporation chartered and existing under the laws of the State of Georgia. T. R. Bennett, superintendent, is a resident of Fulton County, and has his office at the State Capitol in the City of Atlanta. Until February 4, 1922, the Marietta Trust & Banking Co. carried on a banking business in the city of Marietta, in the course of which it received deposits in money and did a regular banking business. Plaintiffs were depositors in the bank, besides others, and this relation of depositors and depositary existed prior to February 4, 1922, and still existed at that time. On the last named date and prior to that time the Marietta Trust & Banking Co. became insolvent, but it was probably not known that it was in fact insolvent until that date.

At that time it developed to the public and the plaintiffs that the officers and others in the immediate control of the funds of the bank had dissipated large sums of money of the bank, about $230,000, which it is alleged its vice-president and cashier lost by speculation. In consequence of the insolvency of the bank T. R. Bennett, superintendent, took charge of it under the act of the General Assembly of 1919 (Acts 1919, p. 135) and placed the same in the hands of one of its agents, G. P. Reynolds, as "liquidating agent." By reason of the insolvency of the bank plaintiffs have been unable to collect their deposits, and the bank is in the hands of the superintendent of banks by said liquidating agent. Plaintiffs allege that the act of the General Assembly, supra, is void; that the caption of the act does not contain any statement, notice, or intimation that the act contains the provision set out in section 20 of article VII of the act, found on page 160 of the Acts of 1919, authorizing the superintendent of banks to constitute himself a court and issue executions against stockholders, the amounts of which are incontestable as to their amounts, and plaintiffs allege and charge that the act is unconstitutional and void for this reason. It is also alleged that the act is unconstitutional and void for other reasons set out in the petition; among others, that the act undertakes to deprive the stockholders of their property without due process of law, there being no mode of defense provided in the act whereby the several stockholders may defend as to the amounts the superintendent of banks may see fit to assess against them and each of them.

The case was first presented to Judge Bell, of the Atlanta circuit, who issued an order nisi; and later, finding himself disqualified, entered a judgment of disqualification. The petition was then presented to Judge F. A. Irwin, of the Tallapoosa judicial circuit, who, hearing the case, entered an order refusing an injunction and an appointment of a receiver. This judgment was not filed. Judge Irwin later also entered an order holding himself disqualified to preside in the case. The case then came before Judge Jones of the Northeastern circuit, who entertained jurisdiction, and, after hearing the case on its merits, treated the order of Judge Irwin as a nullity and refused an injunction and also refused to appoint a receiver. To this judgment the plaintiffs excepted.

*H. B. Moss, G. F. Gober,* and *Joe Abbott,* for plaintiffs.

*Fred Morris, E. H. Clay,* and *C. N. Davie,* for defendants.

HILL, J.   (After stating the foregoing facts.)

1.   The plaintiffs argued but two questions as presented by the bill of exceptions before this court.   The first position taken is that the order of Judge Irwin was and is a nullity, that he was disqualified to preside and render judgment upon the hearing of the case, and that when he himself passed an order of disqualification before the judgment denying an injunction had reached the clerk's office, and which never was filed as a judgment in the case, the judgment of disqualification superseded and canceled the judgment which he had rendered on the merits of the case; and that Judge Jones should have treated the judgment of Judge Irwin as if the same had never been signed.   After hearing the case Judge Irwin passed the following order: " The above-stated case having come on for a hearing on June 14th, 1922, after hearing the law and facts, the same was taken under advisement by the court until this date, when it was ordered and adjudged: 1.   That the act approved August 16th, 1919, known as the banking act, is constitutional as against all charges made in plaintiff's petition, except the charge that that part of the act providing that the superintendent of banks shall have power to issue executions against stockholders, etc., is unconstitutional as being in violation of due-process provision.   The court declines to pass on this question, because it fails to appear that there is any effort to enforce it, neither of the parties plaintiff being stockholders.   2.   That under the undisputed evidence and the act creating the charter, the Marietta Trust & Banking Company's charter had not expired when it was turned over to the superintendent of banks.   3.   It is held that the superintendent of banks having taken possession of the assets of the bank while it was a live corporation, he has the right to keep possession and administer the assets.   4.   It not being charged, and failing to appear, that there is any mismanagement on the part of the superintendent of banks or his agents, the court declines to appoint a receiver.   5.   It is ordered that the superintendent of banks keep on hand until the final termination of the case, or until the further order of the court, an amount equal to the amount of the deposits of the original petitioners and intervenors.   6.   It

is further ordered that the restraining order heretofore granted be dissolved, except as herein provided for petitioners and inter-venors. 7. The service is held sufficient."

Subsequently to the passing of the order Judge Irwin's attention was called to the fact that he was probably disqualified from presiding in the case, on account of relationship within the fourth degree to some of the parties; and it being made to appear to him that he was disqualified, he passed an order holding that he was disqualified within the fourth degree. Subsequently to the date of the last order the case was presented to Judge Jones of the Northeastern circuit, who issued a rule nisi calling upon the parties at interest to show cause before him at a date named why the order of Judge Irwin should not be "wholly disregarded as void, or, if not void ab initio, why it should not be set aside as a nullity, and why a receiver should not be appointed as prayed." After hearing the case Judge Jones rendered the following opinion: "This case was heard by me on account of the disqualification of the judge of the superior courts of the Blue Ridge Circuit. After hearing the evidence and argument of counsel, I can not hold that the portions of the banking act are unconstitutional for any of the reasons set forth in the petition of plaintiffs. The question that has given the court most trouble is the contention that the charter of the defendant the Marietta Trust & Banking Company has expired, and that the assets of the bank should be taken possession of by a receiver, that the business might be wound up, the assets collected and paid out under order of the court. However, after the best investigation I have been able to give the matter, I have reached the conclusion that the charter was duly and legally revived and extended under the law, and that the assets of the bank and its business was and is properly in the hands of T. R. Bennett, as superintendent of banks of the State of Georgia. Therefore the prayer of the plaintiffs for receiver is refused." Judge Jones evidently treated the judgment of Judge Irwin, after Judge Irwin had held himself disqualified, as a nullity. Without deciding whether the judgment rendered by Judge Irwin, and which was not formally set aside, was void or merely voidable, both plaintiffs and defendants submitted their case to Judge Jones without objection, it being conceded that Judge Irwin was disqualified, as being related within the fourth

degree to some of the parties to the case; and we are of the opinion that the effect of the order of Judge Jones was to set aside and supersede the judgment rendered by Judge Irwin, and to refuse a receiver.

2. The second position is that the reviver of the charter of the Marietta Trust & Banking Co. should have been treated by Judge Jones, presiding, " as a fraud, pure and simple, gotten up for the sole purpose of defense; plaintiffs insist that the evidence from beginning to the ending of the case shows that the recital in the application for said revival was untrue; that the Marietta Trust & Banking Co., did not continue in business even after the date that said petition alleges that the charter expired; the uncontradicted evidence is that the Marietta Trust & Banking Co. went into the hands of T. R. Bennett as superintendent of banks as an insolvent bank on February 4, 1922, and that it has never been out of his hands as such insolvent bank since that time, and that after April 25, 1922, said Marietta Trust & Banking Co. did not continue in business in ignorance of the expiration of its charter, and that such statement in the application for reviver was untrue in toto when made." It is insisted that under the evidence the charter of the Marietta Trust & Banking Co. expired on December 19, 1921, thirty years after its organization on December 19, 1891, and that when T. R. Bennett, as superintendent of banks, took charge of the bank, its charter had already expired, and that Bennett as such superintendent of banks had no jurisdiction to take charge of a bank whose charter had already expired.

It appears from the record that the Marietta Trust & Banking Co. was granted a charter by an act of the legislature of September 8, 1891 (Acts 1890-91, vol. 2, p. 273) ; and that act provides that " this charter shall be of force and effect for the term of thirty years from the date of the organization of said corporation," and it is provided in section 5 of the act that " as soon as 500 shares shall be subscribed for and the sum of $10,000, ten thousand dollars, is paid in on said stock, the stockholders shall have the right to organize the corporation under this act and to transact business." It also appears that this provision was complied with on April 27, 1892. The contention of the plaintiffs is that the organization of the bank took place on December 19, 1891, when officers of the bank were elected; while the defendants contend

that under the above provision of the charter the organization did not take place until April. 27, 1892, and therefore that the superintendent of banks took charge of the insolvent corporation before the expiration of the thirty-year limitation on the life of the charter. The minute-book of the bank, which was in evidence, showed that a meeting of the directors of the bank was held on December 19, 1891, and a "motion carried to call in ten per cent. of stock on January 10th, 1892, and J. T. Anderson ordered to notify stockholders and collect the same." The daily balance book, which was also introduced in evidence, tended to show that no business was transacted by the bank until April 27, 1892; and the evidence of the cashier of the bank at that time was as follows: "Pursuant to said motion, referring to the motion of the directors' meeting, held January 10, 1892, I did notify the stockholders and began the collection of ten per cent. of the capital stock, but this collection was not completed, and the ten per cent. required as a condition precedent to the beginning of business under the charter provision was not complied with, until April 27, 1892." If, therefore, the charter of the bank had not expired until April 27, 1922, and the bank was turned over to Bennett, as superintendent of banks, on February 4, 1922, as appears of record, he was in possession of the bank and its assets before the bank charter expired. Even if the bank charter had expired before the bank and its assets were turned over to the superintendent of banks, as contended by the plaintiffs, in the view we take of this case it does not matter whether the charter had expired or not; the charter was revived in accordance with the provisions of the acts of 1912 and 1914 (Acts 1912, p. 107, and Acts 1914, p. 96) as codified in Park's Code, § 2823(i). That section provides: "In all cases where a charter of any corporation, incorporated by an act of the legislature, or by a certificate of the Secretary of State of the State of Georgia, or by any superior court of this State, has expired, and such corporation has continued in business in ignorance of such expiration, said charter may be revived, . . in the same manner as original charters are now procured from the Secretary of State of the State of Georgia, at any time within five years from the date of such expiration." The record shows that an application was made to the Secretary of State in strict compliance with the requirements

of the acts of 1912 and 1914, supra, and that the Secretary of State passed an order reviving such charter; and we are of the opinion that such reviver was legal and valid within the meaning of the act referred to, and was sufficient to .authorize the superintendent of banks to keep charge of the bank and its assets.

In addition to what has been said above, the act of 1919 (Acts 1919, art. VII, sec. 3, p. 186) provides that " Where the charter of any bank shall be forfeited, the superintendent of banks shall take charge of the business and assets of such bank and proceed to liquidate it in the same manner as is herein provided in cases where the superintendent of banks takes charge of a bank." So it clearly was the intention of the legislature to authorize the superintendent of banks to take charge of and to liquidate the affairs of a bank, even where the charter of a bank had been forfeited.

It is also contended by the plaintiffs that the banking act of 1919, supra, does not give the superintendent of banks authority to bring suit and to collect moneys and administer its affairs, and that he has no authority to bring suit against the officers and directors of the bank. Art. VII, sec. 7, is as follows: " The superintendent of banks is authorized to collect all moneys due to such bank and to do such other acts as are necessary to conserve its assets and business, and shall proceed to liquidate the affairs thereof," etc. Attention is also called to the amendment to the banking act, approved August 21, 1922, in which authority is given, in sec. 7(a), to the superintendent of banks " to prosecute and defend any and all actions, suits and legal proceedings, including suits against its directors or officers, or any of them, upon any cause of action which is vested by law in such bank, or in the stockholders or creditors thereof." Ga. L. 1922, p. 63.

From what has been said above and from the foregoing authorities, we conclude that the superintendent of banks has the right, under the facts of this case, to keep possession of the bank and its assets, and that a receiver is not necessary in order to take charge of the assets of the bank and to administer them under the orders of a court of equity; and therefore the court below did not err in refusing an injunction and in not appointing a receiver.

None of the constitutional questions raised are argued, and therefore will be considered as abandoned.

*Judgment affirmed. All the Justices concur, except Atkinson, J., disqualified.*