## BEAVERS *v.* ARMISTEAD *et al.*

ATKINSON, J. 1. The police committee appointed under the charter and ordinances of the City of Atlanta has jurisdiction, by a statutory proceeding as provided in sec. 2071 et seq. of the 1910 Code of the City of Atlanta, to enquire into the " efficiency " (as defined in said sections of the City Code) of the chief of police of the city, and to render judgment. They also have jurisdiction under the provisions of sec. 2014 of the City Code, after charges have been preferred and the officer has been afforded an opportunity to be heard, to try the chief of police for neglect or breach of official duty.

2. The proceeding by the police committee in trying the chief of police in either of the instances above indicated is the exercise of judicial or quasi-judicial powers, and in any such proceeding the police committee is a special judicatory to which the writ of prohibition will lie in a proper case. *City of Macon* v. *Anderson*, 155 *Ga.* 607 (117 S. E. 753).

3. The writ of prohibition will lie against this committee in such a proceeding only when it is without jurisdiction, or acts in excess of its jurisdiction. *City of Macon* v. *Anderson*, supra; *Jackson* v. *Calhoun*, 156 *Ga.* 756 (120 S. E. 114).

4. Such committee having jurisdiction in a proceeding charging the chief of police with inefficiency, the writ of prohibition will not lie to restrain the committee from trying that officer, on the ground of lack of jurisdiction or of excessive exercise of jurisdiction.

(a) The committee having jurisdiction, if it should improperly decide the case against the officer, he would have an adequate remedy by certiorari

53

to review the finding or judgment of the committee, if the same should be adverse to him. *Jackson* v. *Calhoun,* supra.

(b) In this case the proceeding was against the officer under § 2071 et seq. of the City Code of Atlanta (1910), under a charge of "inefficiency," as defined in those sections of that code. If the charges against the defendant fail to state a case, the officer can take advantage thereof by a demurrer, or motion to dismiss, or by objection to evidence, or otherwise; and should the committee make rulings adverse to him, he has an adequate remedy to review the rulings by certiorari.

5. The plaintiff also seeks to prohibit the police committee from proceeding in this matter, on the ground of prejudice and bias entertained by its members against the petitioner. As such bias or prejudice does not disqualify the members of a committee from proceeding (*Tibbs* v. *City of Atlanta,* 125 *Ga.* 18 (2), 53 S. E. 811), the petition does not make a case for the grant of the writ of prohibition on such ground.

(a) Upon review and full consideration of the case, the request to overrule the decision in *Tibbs* v. *Atlanta,* supra, is denied.

6. The petition did not allege that the police committee was proceeding to enforce its judgment in the statutory proceeding after a writ of certiorari had been granted, or after it had been properly enjoined by the judge of the superior court. If such allegations had been made, the case would be different. *City of Macon* v. *Anderson,* supra.

7. The judge did not err, on presentation of the petition, in refusing to issue a rule requiring the respondents to show cause why the writ of prohibition should not be granted.

*Judgment affirmed. All the Justices concur.*

No. 3738. NOVEMBER 24, 1923.

Petition for prohibition. Before Judge Bell. Fulton superior court. March 22, 1923.

*Spence & Spence,* for plaintiff.

*James L. Mayson, Jesse M. Wood,* and *Harwell, Fairman & Barrett,* for defendants.