RINER, tax-collector *v.* FLANDERS, ordinary.

No. 8092. JULY 15, 1931.

*C. S. Claxton, J. E. Cook,* and *J. L. Kent,* for plaintiff.
*A. L. Hatcher,* for defendant.

HINES, J. The ordinary of Johnson County cited the tax-collector of that county and the sureties on his official bond to appear before him to make an exhibit of his books, vouchers, and ac-

counts, to show cause why execution should not be issued against him and them, and to show cause why the tax-collector should not be suspended from his office upon his failure or refusal to render the accounting and make the showing provided for under section 527 of the Civil Code of 1910. The tax-collector filed his petition addressed to the superior court of the county and the judge thereof, in which he denied that he was short in his accounts, but declared his readiness and ability to settle with the county if it should be determined that he was short in his accounts; and in which he alleged that the ordinary was related to three of the sureties on his official bond within the fourth degree, that the ordinary had declared that he was short in his accounts and had prejudged his case in this and other ways, and had refused to call in some other ordinary from an adjoining county to pass upon the same. The tax-collector prayed for the writ of prohibition, to prevent the ordinary from presiding in this proceeding, on the ground of such relationship, and because the ordinary had prejudged his case. The ordinary demurred to the petition upon the ground that it set forth no cause of action. The judge sustained the demurrer and dismissed the application for the writ.

1. The ordinary of a county, who has charge of county affairs, has the power and authority, and it is his duty, to compel the tax-collector of the county to come before him at such times as may be designated by him, to render an account of his official actings and doings respecting the county tax and funds, and to make a full and complete exhibit of his books, vouchers, accounts, and all things pertaining to his office. Civil Code (1910), § 527. The failure or refusal of a tax-collector to render the account and make the showing so provided for, after being notified so to do by the proper officer or officers, constitutes malpractice in office, and a conviction thereof shall subject the offender to removal from office. Pending the continuance of such failure or refusal, after notice, the ordinary of a county having charge of its county matters is by law authorized to bring a defaulting tax-collector to a settlement, and has power, and it is his duty, to suspend the tax-collector from duty, and to appoint some competent person in his stead to collect the county taxes pending such suspension, and until the question of removal can be passed upon and decided by the proper tribunal, it being the duty of the ordinary to require such appointee to give proper bond. § 528.

2. Where in one proceeding the ordinary cites the tax-collector to come before him to render an account of his official actings and doings respecting the county tax and funds, and to make a full and complete exhibit of his books, vouchers, accounts, and all things pertaining to his office, and, upon the failure or refusal of that officer to render the account and make the showing provided by section 527, supra, to show cause why he should not be suspended from duty and some competent person appointed in his stead to collect the county tax pending such suspension and until the question of his removal from office can be passed upon and decided by the proper tribunal, the ordinary in such proceeding acts in a judicial or quasi-judicial capacity. *City of Macon* v. *Anderson,* 155 *Ga.* 607 (117 S. E. 753); *Beavers* v. *Armistead,* 156 *Ga.* 833 (120 S. E. 526); *Tucker* v. *Roberts,* 151 *Ga.* 753 (108 S. E. 222).

3. No ordinary can sit in any cause or proceeding in which he is related to either party within the fourth degree of consanguinity or affinity. Civil Code (1910), § 4642. Such disqualification can be urged by either party to the case, and the judge is not competent to preside over objection coming from either side, duly made. *Shuford* v. *Shuford,* 141 *Ga.* 407 (81 S. E. 115); *Tucker* v. *Roberts,* supra. The objection in this case was duly made. In the *Tucker* case it was held that where, in a processioning proceeding, a processioner was disqualified by reason of relationship to one or both of the parties, such relationship rendered the return of the processioners void, and could be dismissed on motion for that reason, although not made until after the processioners had made their return. In *Parker* v. *State,* 146 *Ga.* 131 (90 S. E. 859), it was held that the disqualification of the trial judge did not require the grant of a new trial, although the existence of the relationship was unknown to both the defendant and his counsel until after the trial and verdict.

4. Prejudice, bias, or prejudgment of the case on the part of the ordinary, not based on interest, relationship, or any other ground named in the statute, exhibition of partisan feeling, or unnecessary expression of opinion upon the justness or merits of the controversy, are, as a general rule, not assignable as a ground of disqualification. *Tibbs* v. *Atlanta,* 125 *Ga.* 18, 21 (53 S. E. 811); *Beavers* v. *Armistead,* supra. The above statutory grounds of disqualification of an ordinary are exhaustive, and the fact that

the ordinary is a partisan of a party does not disqualify such officer from presiding in the case. *Elliott* v. *Hitt*, 134 *Ga*. 847 (68 S. E. 736, 137 Am. St. R. 272, 20 Ann. Cas. 423); *Moore* v. *Dugas*, 166 *Ga*. 493 (143 S E. 591).

5. The writ of prohibition will lie to restrain a judge from proceeding in an action in which he is disqualified by reason of interest or relationship, although the court over which he presides may have jurisdiction of the cause. Works on Courts and Jur. 638; 23 Am. & Eng. Enc. L. (2d ed.) 223; 50 C. J. 670 (§ 30), 9; Brown *v.* Rowe, 96 Fla. 289 (118 So. 9); Forest Coal Co. *v.* Doolittle, 54 W. Va. 210 (46 S. E. 238); Price *v.* Sturgis, 82 W. Va. 523 (97 S. E. 193); Poff *v.* Scales, 36 Idaho, 762 (213 Pac. 1019); Hultner-Wallner *v.* Featherstone, 48 Idaho, 507 (283 Pac. 42); Lindsay-Strathmore Irr. Dist. *v.* Tulare County Superior Court, 182 Cal. 315 (187 Pac. 1056); Samuels *v.* California &c. Co., 124 Cal. 294 (56 Pac. 1115); North Bloomfield Gravel Mining Co. *v.* Keyser, 58 Cal. 315. In *Shirley* v. *Gardner*, 160 *Ga*. 338 (127 S. E 855), the contest of an election of councilmen was involved; and it was held that the ordinary, in hearing and determining a contest of a municipal election, does not act in a judicial or quasi-judicial capacity In the present proceeding the ordinary acts in a judicial or quasi-judicial capacity. In *Jackson* v. *Calhoun*, 156 *Ga*. 756 (120 S. E. 114), the judge was not disqualified; but the proceeding was brought to prohibit him from trying a case, upon the ground that the statute under which the defendant was indicted was unconstitutional and void. Objection relative to the disqualification of a judge by reason of relationship or interest should generally be brought to his attention before petitioning for the writ of prohibition. Poston *v.* District Court, 31 Wyo. 413 (227 Pac. 378, 35 A. L. R. 1082); Board of Education *v.* Holt, 54 W. Va. 167 (49 S. E. 134); Leonard *v.* Willcox, 101 Vt. 195 (142 Atl. 762). This was done in this case. Under the rule just announced, the trial judge erred in not granting to petitioner the writ of prohibition.

*Judgment reversed. All the Justices concur, except*

BECK, P. J., and GILBERT, J., dissenting. The Civil Code (1910), § 5458, provides, in part: "The writ [of prohibition] . . is the counterpart of mandamus, to arrest illegal proceedings by any court officer where no other legal remedy or relief is given;

and the granting or refusal thereof is governed by the same principles of right, necessity, and justice." In *City of Macon* v. *Anderson,* 155 .*Ga.* 607 (2) (supra), this court ruled: "The writ of prohibition is an available remedy only where no other legal remedy or relief is given; and where a complete remedy exists by appeal, writ of error, writ of review, certiorari, injunction, mandamus, or otherwise, this writ should be denied." In *Heaton* v. *Hooper,* 134 *Ga.* 577 (68 S. E. 297), this court ruled: "The writ of prohibition will not be granted in a case where the applicant is afforded any other legal remedy." That was an effort to prohibit a justice of the peace from trying a case, and the grounds relied on were as follows: "that the justice of the peace had no right to set aside his own judgment, or to reinstate a case which had been dismissed; . . that the case had been transferred to another court by consent of the parties, and the justice of the peace had lost jurisdiction, and the case had already been adjudicated, and the plaintiff had lost his right of certiorari and 'of resuing' the case." *Hudson* v. *Preston,* 134 *Ga.* 222 (67 S. E. 800). It is well recognized that the writ of prohibition issues to prevent a court from exceeding its jurisdiction, but not for the purpose of preventing it from committing error or to avoid the consequences of erroneous action. In *Beckham* v. *Howard,* 83 *Ga.* 89 (9 S. E. 784), this court held that prohibition would not lie to prevent officials of an incorporated town from issuing a license, the grant of which "must be nugatory and void." We think, whatever may be the rule in other jurisdictions, that in this State, both by statute and controlling precedent, prohibition will not lie in a case like this, because obviously there is a complete remedy without resorting to the extraordinary writ. The fact that the extraordinary writ may be preferred because it may be less tedious or less expensive might constitute just appeal to the legislative department of the State. As the law now stands, we think the court did not err in refusing the writ. The procedure sought to be prohibited was an effort on the part of the ordinary to require the tax-collector to make settlement. It is contended that the ordinary was disqualified because of relationship to a bondsman of the tax-collector. If the tax-collector makes settlement and there is no defalcation, the bondsman would not be affected by the proceeding. However, it is not necessary for us to express an opinion on the matter of

disqualification, since that is not made the issue in the present decision.