*Fred L. Brewer,* for plaintiff in error.
*Frank B. Stow, Joseph H. Blackshear,* contra.

21236. HARPER *et al.* v. SUTHERLAND.

STEPHENS, J. 1. Upon the trial of a suit to recover the amount of an alleged indebtedness arising under a contract, where the defendant in his testimony denied the contract, it was not harmful to the plaintiffs, although it was a conclusion of the witness, to permit the defendant to testify that he did *not* owe the plaintiffs "a dime," but that the plaintiffs were indebted to him, where the facts tending to show non-liability were fully stated by the defendant in his testimony.

2. In a suit to recover the amount of an alleged indebtedness to a partnership, the execution of a note by a member of the firm, to the defendant after the indebtedness sued on was alleged to have arisen, where it appeared to be the individual undertaking of the maker, was not evidence of an indebtedness by the partnership to the defendant at the time of the execution of the note, and was not admissible in evidence as a circumstance tending to establish, at the time of the execution of the note, an adjustment of any mutual indebtedness between the defendant and the partnership, or as tending to establish the non-existence of the alleged indebtedness to the partnership. The admission of the note in evidence was prejudicial to the plaintiffs, and was error, although the defendant had testified, without objection, to the execution of the note and the

circumstances of the transaction out of which the execution of the note arose.

3. An assignment of error upon the exclusion from evidence of "certain option contracts tendered in evidence by the plaintiffs, the same being some twelve or fifteen written contracts and options for the sale of different farms and tracts of real estate, to which the evidence related," contains no sufficient description of the evidence objected to and presents no question for determination.

4. The verdict for the defendant not having been demanded as a matter of law, and the court having erred prejudicially to the plaintiffs in admitting in evidence the note referred to above in paragraph 2, it was error to overrule the plaintiffs' motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JANUARY 18, 1932.

*J. H. Paschall, J. M. Lang,* for plaintiffs in error.
*Henry L. Barnett, Y. A. Henderson,* contra.