### Gaskins *v.* Gaskins *et al.*

Atkinson, Justice. 1. A motion was made to dismiss the writ of error on the grounds, (a) that the bill of exceptions is "unintelligible;" (b) that the "plaintiff in error files exceptions pendente lite to the rulings complained of, . . and thereafter comes . . by direct bill of exceptions, each assignment of error being complained of as error is assigned in a direct bill, and each assignment of error is also complained of in exceptions pendente lite; therefore his bill of exceptions is not a direct bill; and as no motion for new trial was filed, there is no exception in the usual mode followed where a motion for new trial is made; hence the plaintiff in error is pursuing neither method of appeal;" (c) "because the only assignment of error to the final judgment in the case . . is 'plaintiff then and there excepted and now excepts and assigns the same as error as being contrary to law;' this assignment, under the pe-

culiar circumstances in this case, is too vague, indefinite, and uncertain, and is an insufficient assignment of error;" (d) "the conclusions of the pleader in this case are long and varied, but conclusions are not, and can not be, assignments of error, and the plaintiff in error has violated the plain rules of the court so flagrantly in each assignment of error, and in his conclusions thereto, to an extent to where the bill of exceptions should be dismissed." *Held*, that the motion to dismiss is without merit.

2. It is declared by statute that: "No judge or justice of any court, . . can [shall] sit in any cause or proceeding in which he is pecuniarily interested." Code of 1910, § 4642; Code of 1933, § 24-102. It is also declared that the jurisdiction of the judge "in his own circuit may be exercised by any judge of another circuit whenever the resident judge . . is indisposed or interested, or is laboring under any disqualification or inability to serve." Code of 1910, § 4851; Code of·1933, § 24-2617. *Held*, that a judge of the·superior court, who is a depositor creditor of an insolvent bank in charge of the State superintendent of banks for purposes of liquidation, is pecuniarily interested and therefore disqualified · to act in a suit for accounting, injunction, and receiver, instituted by a principal against his agent, and the superintendent of banks, seeking to recover an interest in dividends due to an estate in control of the agent for the principal, which the superintendent of banks has wrongfully applied to the individual debt of the agent, and to enjoin other similar impending misapplication of dividends due to the estate. Recovery by the plaintiff would diminish the general assets of the bank, on which the judge as a depositor would depend for payment of his debt.

3. The judge erred in refusing to entertain the motion to disqualify himself, and in thereafter proceeding to exercise the judicial powers of the court. See *Shuford* v. *Shuford*, 141 *Ga.* 407 (8, 9) (81 S. E. 115); *State Mutual Life Insurance Co.* v. *Walton*, 142 *Ga.* 765 (3) (83 S. E. 656); *Dobbins* v. *Marietta*, 148 *Ga.* 467 (2) (97 S. E. 439); 33 C. J. 1015, §§ 184, 185; 15 R. C. L. 539, 540, §§ 27, 28.

(*a*) The several rulings relating to disqualification of the judge, having been excepted to pendente lite, on which error was assigned in the bill of exceptions, did not become final. *Garrick* v. *Tidwell*, 151 *Ga.* 294 (106 S. E. 551). The case differs from *Hawkins* v. *Studdard*, 132 *Ga.* 265 (2) (63 S. E. 852, 131 Am. St. R. 190), and similar cases in which there were no exceptions pendente lite.

(*b*) The error in refusing to entertain the motion rendered all further proceedings nugatory; and consequently no ruling will be made on other assignments of error. *Judgment reversed. All the Justices concur.*

No. 10503. SEPTEMBER 25, 1935.

*Robert R. Forrester* and *J. P. Knight,* for plaintiff.

*William Story, R. D. Smith, Wilcox, Connell & Wilcox,* and *Copeland & Dukes,* for defendants.