30916.  BRANT *v.* THE STATE.

DECIDED JULY 14, 1945.

*W. G. Neville, J. T. Grice,* for plaintiff in error.
*Fred T. Lanier, solicitor-general,* contra.

BROYLES, C. J. (After stating the foregoing facts.) ■ It is contended by counsel for Brant that the petition should have been dismissed because it was not verified by an oath. The contention is untenable since the petition was filed by the solicitor-general by the direction of the judge of the superior court of Screven County. The general objections to the petition as a whole and to each ground thereof are without merit. As to the special objections to each ground of the petition, the allegations and facts set forth in the grounds were sufficient to apprise the defendant of the nature of the charges against him, and that is all that is required in disbarment proceedings, where no formal pleading is necessary. *Williford* v. *State*, 56 *Ga. App.* 840 (194 S. E. 384). "The primary object of a disbarment proceeding is the protection of the courts and the public from an unfit attorney. One may be disbarred for a reason other than a statutory ground. The inherent authority of courts over the members of its bar can not be defeated by the legislative and executive departments." *Payne* v. *State*, 52 *Ga. App.* 425 (2) (183 S. E. 638). The court did not err in allowing the second amendment to the petition or in overruling the objections to the amended petition.

■ The evidence and portions of the defendant's statement to the court amply authorized the court to find the defendant guilty in numerous transactions set forth in the petition of wilful misconduct in his profession as an attorney at law. The judgment of the court reads: "The above-stated case coming on to be heard at this time, after evidence submitted and after argument of counsel, judgment is hereby rendered finding the defendant guilty of wilful conduct in the practice of his profession. And it is further considered, ordered, and adjudged by the court that the defendant, O. Frank Brant, be, and he is hereby, disbarred from the practice of his profession as an attorney at law, and judgment is hereby rendered against the defendant for the cost of this proceeding." It is contended by counsel for the accused in their brief that, since the court in its judgment found the defendant guilty of wilful "conduct" in the practice of his profession, his disbarment was not authorized by the evidence. The contention is without merit. The petition expressly charged that in many specific transactions the defendant had been guilty of wilful misconduct in the practice of his profession as an attorney at law, and the evidence

amply supported the charges, except as to two or three transactions, and the court granted a nonsuit on the counts of the petition charging those two or three transactions. The fact that the court in its judgment *ordered the disbarment of the defendant* reasonably shows that it had actually found him guilty of wilful *misconduct* in the practice of his profession as an attorney at law, and that the failure to write "mis" before "conduct" was merely a lapsus pennae—a slip of the pen.

The court did not err in overruling the motion for a new trial containing only the general grounds.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*