## 34112. ROBINSON *v.* THE STATE.

DECIDED JUNE 13, 1952—REHEARING DENIED JULY 1, 1952.

*Jesse T. Edwards, Bruce B. Edwards, Joe R. Edwards,* for plaintiff in error.

*Roy C. Leathers, Solicitor-General,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The exceptions to the motions to disqualify the two superior court judges and the solicitor-general are first dealt with. Code § 24-102, providing under what circumstances judges shall be disqualified, specifies only matters in which they have a pecuniary interest or are related within the sixth degree to any party interested in the result of the matter. The statutory grounds named in this section are exhaustive. *Smith* v. *State,* 74 *Ga.*

*App.* 777, 781 (41 S. E. 2d, 541); *Guest* v. *Rucker,* 77 *Ga. App.* 696 (1) (49 S. E. 2d, 687). Prejudice, bias or prejudgment or even an exhibition of partisan feeling, when not arising from these grounds, is ordinarily not assignable as a ground of disqualification. *Riner* v. *Flanders,* 173 *Ga.* 43 (4) (159 S. E. 693); *Tibbs* v. *City of Atlanta,* 125 *Ga.* 18, 21 (53 S. E. 811); *Beavers* v. *Armistead,* 156 *Ga.* 833 (120 S. E. 526); *Long* v. *State,* 25 *Ga. App.* 22 (1a) (102 S. E. 359); *Hendricks* v. *State,* 34 *Ga. App.* 508 (130 S. E. 539). It is contended that the judges have a pecuniary interest in the result of the case in that they are elected to their respective offices, and that Hon. Frank Guess by his statements was seeking political favor within the county.

The term "pecuniary interest" means a direct pecuniary interest in the result of a particular case. In *Beasley* v. *Burt,* 201 *Ga.* 144, 145 (39 S. E. 2d, 51), it is held that "the liability or pecuniary gain or relief to the judge must occur upon the event of the suit, not result remotely in the future from the general operation of laws and government upon the status fixed by the decision." "A judge is not disqualified because he is interested in the question to be decided where he has no direct and immediate interest in the judgment to be pronounced." 30 Am. Jur. 773, par. 57. He must have a "financial interest in the outcome of the cause." *Blakeman* v. *Harwell,* 198 *Ga.* 165 (1b) (31 S. E. 2d, 50). See also *Singleton* v. *City of Valdosta,* 197 *Ga.* 194 (1) (28 S. E. 2d, 759); *Wheeler* v. *Board of Trustees of Fargo Consolidated School District,* 200 *Ga.* 323 (1) (37 S. E. 2d, 322). No such interest here is alleged on the part of any of the officials attacked. As to the solicitor-general, he is necessarily a partisan in the case. 22 R.C.L. 102. In *Scott* v. *State,* 53 *Ga. App.* 61 (185 S. E. 131), it was held that the same degree of judicial nicety does not apply to a solicitor-general as applies to a judge or juror, and the petition here alleges no direct and immediate interest on the part of the solicitor against this defendant such as would disqualify him.

The rulings of Hon. Clarence Vaughn upon which the motion to disqualify is predicated were not themselves assigned as error, so no review of the propriety of his prior rulings in the case can be made here. It is further contended that, under Code § 81-1104 forbidding the expression of opinion by the court as

to the guilt of the accused, the remarks of Hon. Frank Guess amounted to an expression of opinion, that they were widely circulated in the newspapers, and that, under the decision of Shepherd v. State of Fla., 341 U. S. 50 (71 Sup. Ct. 549), this constituted an expression of opinion to the jury. In that case it was held that a press release by an officer of the court charged with the defendants' custody was "conveyed by the press to the jury," persons called as jurors having testified that they had read such statement. If the defendant is of the opinion that any remarks made by officers of the court might prejudice the jurors, his remedy is to purge the jury on the trial of the case. *Commercial City Bank* v. *Sullivan*, 18 *Ga. App.* 608 (6) (90 S. E. 173). The court did not err in sustaining the general demurrers to the motions to disqualify the judges and solicitor-general.

■ Error is assigned in the bill of exceptions on the ruling of the court allowing the solicitor-general to file a demurrer and answer to the motion for change of venue. The record shows that the motion was filed on December 11 and the demurrer and answer thereto on December 13. The objection is that these pleadings were filed too late, as the court was actually hearing the issues at the time they were offered. Since the demurrer was overruled, any error in allowing the filing thereof was not prejudicial to the defendant, since error, to be harmful, must be accompanied by injury. *Harrison* v. *Hester*, 160 *Ga.* 865 (129 S. E. 528). Code § 27-1201 makes no specific provision for the filing of an answer to a petition for change of venue, but does provide for a hearing on the issues; consequently, there being no time set for the filing of an answer to such motion, the defendant cannot complain that the pleading, reducing the contentions of the State to writing and filed within 48 hours, was filed too late. This objection is without merit.

■ The defendant tendered in evidence a certified copy of a petition for injunction filed in the United States District Court by counsel for the defendant with restraining order thereon. It appears from the language used that, although the petition was certified, the order was not, and the court was asked to take judicial notice thereof. An objection on the ground that pleadings filed in another court were not evidence of the facts sought to be proved was sustained. Courts cannot take judicial notice

of proceedings and judgments of other courts. *Fagan* v. *Jackson & Orme,* 1 *Ga. App.* 24 (57 S. E. 1052). In any event, the documents sought to be introduced in evidence do not appear in the record, and, where error is assigned on the exclusion of documentary evidence, the substance of which is not set out, such assignment of error is imperfect and will not be considered. *Skipper* v. *Alexander,* 172 *Ga.* 246 (6) (158 S. E. 32) ; *Harper* v. *Sutherland,* 44 *Ga. App.* 594 (3) (162 S. E. 412) ; *City of La-Grange* v. *Pounds,* 50 *Ga. App.* 219 (3) (177 S. E. 762).

■ The petition for change of venue also seeks to challenge the array of both grand and petit jurors, on the ground that the figures for DeKalb County (1940 census) show a population of 22,087 white and 3650 Negro citizens, that the jury box contained the names of 27 colored and over 500 white jurors, that no Negroes served on the grand jury which indicted the defendant, and that this constitutes discrimination within the purview of *Crumb* v. *State,* 205 *Ga.* 547 (54 S. E. 2d, 639), wherein it was held that a showing that there were no Negroes on the panel of traverse jurors called to try the defendant, and that there had been no Negroes on the jury list for 30 or 40 years, in a county having a population of approximately 50 percent Negroes, constituted a violation of the constitutional rights of the defendant. Any question as to the array of traverse jurors at the December, 1951, term of court is now moot, since that term of court has expired, and, if the defendant is to be tried in DeKalb County or elsewhere, he will necessarily have to draw from a different panel. As to grand jurors, Code § 59-106 provides that the jury commissioners shall "select from the books of the tax receiver upright and intelligent men to serve as jurors. . . They shall select from these a sufficient number, not exceeding two fifths of the whole number, of the most experienced, intelligent and upright men to serve as grand jurors." There was evidence as to a number of qualified Negroes who had not been called for jury service. There was no evidence, however, that these men were among the upper 40 percent of "the most experienced, intelligent and upright men," the selection of which is largely left to the discretion of the jury commission. The proportion of white to colored traverse jurors called, in proportion to the numbers found on the tax digest from

which the names are selected resembles that shown by the evidence in the case of *Avery* v. *State*, 209 *Ga.* 116 (70 S. E. 2d, 716), rather than that shown by the evidence in the *Crumb* case. In the *Avery* case it was pointed out that the method of choosing the grand and traverse jurors, insofar as is relevant to this proceeding, was properly within the powers of the jury commission under the Constitution and laws of this State, and the court further held as follows: "Jury service is not a right or a privilege, but is a burden which the State summons certain of its citizens to bear, and upon no basis is apportionment of jury duty required by the Constitution, the law, or any decision which we have been able to find." See also *Watkins* v. *State*, 199 *Ga.* 81 (33 S. E. 2d, 325).

■ The petition for change of venue was based on both grounds provided for in Code § 27-1201, that is, that an impartial jury cannot be obtained in the county where the crime is alleged to have been committed, and that there is probability or danger of lynching or other violence against the accused if he is tried in that county. As to the first ground, this is not subject to a direct bill of exceptions. *Avera* v. *State*, 34 *Ga. App.* 150 (128 S. E. 587); *Brannon* v. *State*, 147 *Ga.* 499 (1) (94 S. E. 759). However, leave is hereby granted counsel for the accused to file the bill of exceptions herein as exceptions pendente lite in order that this question may ultimately be reviewed if counsel so desire.

■ As to the probability of lynching or other violence, there is testimony in the record on the part of several witnesses to the effect that a large armed mob came into the community where the crime is alleged to have been committed on the day thereof in search of the defendant for the purpose of lynching him. These witnesses identified a number of persons who were present in this mob. Some of these persons alleged to have been present were merchants in the community; and one of them, in addition to being a merchant, was also a substitute rural mail carrier. The persons thus identified as being present all testified that they were not present and that no such mob ever existed. Other witnesses who were in a position to have known about such a mob had it existed testified that they knew of no such mob. Many witnesses testified that they had heard or seen nothing to

indicate that the defendant would be subjected to any mob violence should he be tried in DeKalb County. One of these witnesses was a Negro, who testified that he was an officer of the Association for the Advancement of Colored People; that due to this connection he had made an investigation as to the existence of a mob and the likelihood of mob violence. He testified that he learned of nothing that would indicate its likelihood. As stated in *Frazier v. State*, 81 *Ga. App.* 840 (60 S. E. 2d, 253): "On motion for change of venue the presiding judge must primarily pass upon the question of fact as to whether it is reasonably shown that there is danger of mob violence. The reviewing court will not reverse his finding upon conflicting evidence unless the evidence when construed as a whole shows such probability of danger of violence to the defendant as to make it mandatory upon the trial judge to change the venue." See also *Butler v. State*, 56 *Ga. App.* 126 (2) (192 S. E. 238).

The judgment of the trial court overruling the petition for change of venue on the ground that there is danger of mob violence is without error. As was hereinbefore pointed out, the judgment of the trial court is not reviewed as to that part of the petition for change of venue which was based on the ground that the defendant could not obtain a fair trial in DeKalb County. The trial court is directed to permit counsel if they so desire to file this bill of exceptions in the office of the clerk as exceptions pendente lite, so that the judgment of the trial court overruling the petition for change of venue on the ground that the defendant cannot obtain a fair trial in DeKalb County may ultimately be reviewed if counsel so desire.

*Judgment affirmed with direction. Gardner, P.J., and Carlisle, J., concur.*