36756. SMITH *v.* MANLEY *et al.*

TOWNSEND, J. 1. An assignment of error on the exclusion of documentary evidence which fails to set out in substance or by way of exhibit the document excluded, and which fails to state the objections to the admission of such evidence which were sustained by the court, is too vague and indefinite to present any question to this court. *Central of Ga. Ry. Co.* v. *Jaques & Tinsley Co.*, 23 *Ga. App.* 396 (2) (98 S. E. 357); *Harper* v. *Sutherland*, 44 *Ga. App.* 594 (3) (162 S. E. 412). Accordingly, an assignment of error as follows cannot be considered here: "The objector as temporary guardian of Rita Smith tendered in evidence a certified copy of his letters of temporary guardianship of the person . . . of Rita Smith.

That petitioners urged certain objections to said certified copy of these letters and . . . the trial judge . . . denied their admission in evidence as being temporary guardian of the person of Rita Smith. To the ruling of the trial court in refusing to admit the temporary letters as to the person of Rita Smith, the objector then and there excepted and now excepts and assigns error thereon as being contrary to law and without authority to support it."

2. Prior to 1941 the consent of the guardian of the person of an orphan minor child was not required in an adoption proceeding. By the act of 1941 (Ga. L. 1941, p. 301; Code, Ann., §74-406) it was provided as follows: "If the child has a guardian of its person, the consent of such guardian shall be required." The Code section does not make clear whether or not the word "guardian" includes a temporary guardian, and it is not necessary here to decide this question. By way of comparison only, see *Wilson* v. *Pollard,* 190 *Ga.* 74 (1) (8 S. E. 2d 380), where circumstances are considered under which the word "administrator" in a statute may include a temporary administrator. The plaintiff in error here, contesting an adoption proceeding brought in the Superior Court of Hall County, contended that as temporary guardian of the person of the minor child in question, his consent to the adoption of such child by the defendants in error was essential, and that he had not given such consent. He assigns error on the interlocutory order awarding custody of the child to the defendants in error, on the judgment of the court overruling his motion to dismiss because his consent to the adoption proceeding had not been obtained, and on the exclusion from evidence of a certified copy of letters of guardianship of the person of the child allegedly granted him by the Ordinary of Hall County. The latter assignment of error, as has been seen above, is invalid, and there is accordingly no evidence in the record, either in the evidence or stipulation of counsel, that the plaintiff in error is in fact the temporary guardian of the person of the minor child. This being so, the objections of the plaintiff in error to the overruling of his motion to dismiss and to the judgment rendered are entirely without merit, and it becomes unnecessary to go into the question of whether or not he could, in the capacity of temporary guardian of the person only, raise a valid objection to the adoption.

160

The trial court did not err in granting the temporary order of adoption.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JUNE 17, 1957—REHEARING DENIED JULY 2, 1957.

*Herbert Edmondson,* for plaintiff in error.
*Wheeler, Robinson & Thurmond,* contra.

ON REHEARING.

The plaintiff in error complains in his motion to rehear of the last clause of the first sentence of headnote 1 ("and which fails to state the objections to the admission of such evidence which were sustained by the court") contending this is an erroneous application of the law as held in *Morgan County Bank* v. *Poullain,* 157 *Ga.* 423 (121 S. E. 813, 33 A. L. R. 592). The Supreme Court in that case, in answer to a certified question of the Court of Appeals, ruled that an assignment of error in a ground of a motion for a new trial complaining of the rejection of testimony offered by the *movant* need not state the ground of objection urged by the opposite party or sustained by the court as this reason may be unknown to the movant. If this were all that was said in headnote 1, the contentions of the plaintiff in error would be entirely correct. However, a careful examination of the first sentence of this headnote will disclose that what is there held is that where the documentary evidence excluded is not set out in substance or by exhibit *and also* where the record fails to show why such documentary evidence was rejected, the assignment of error is too vague and indefinite to present any question to this court.

The documentary evidence in question is identified as follows: "The objector, Jewell Smith, as temporary guardian of Rita Smith, tendered in evidence a certified copy of his letters of temporary guardianship of the person and property of Rita Smith . . . To the ruling of the trial court in refusing to admit the temporary letters as to the person of Rita Smith, the objector then and there excepted," etc. Movant contends that this complies with the rule that he must "set out in substance the document excluded." This court cannot agree, for the reason

that while movant has identified a certain document which is not in evidence as being the one he offered in evidence, he has failed to show the substance of the document sufficiently to allow this court to determine whether, if the subject matter were admissible, the document itself was in proper form to be admitted in evidence. This court knows nothing about whether the document, which was the best evidence of the fact that movant was temporary guardian of the person of the minor involved, was properly certified or otherwise in proper form to be admitted in evidence. If the document had been set out and there had been a defect therein such as to render it inadmissible, the reason for the ruling of the trial court would have become apparent to this court. On the other hand if the document were set out and was thereby shown to be in proper form and otherwise admissible in evidence, the error of the trial court in excluding it would have become apparent to this court. Again, if the document were not set out but the reason for excluding it had been stated, and if the reason were such that the court, from the description of the document given by movant in the bill of exceptions, could pass on it, the assignment of error would be sufficient. But where the document is not set out, and the reason for its exclusion is not set out, and it is just as likely that it was excluded by reason of being in improper form as by reason of its subject matter (temporary guardianship of the person) this court cannot do more than speculate as to whether it was, as a matter of fact, admissible in evidence, and this court will not presume the trial court committed error where that fact does not affirmatively appear. Movant seeks to invoke a ruling by this court to the effect that it was relevant and material for him to prove that he was the temporary guardian of the person of the minor child, but he seeks to do so by assigning error on the exclusion of a document which is not before the court, for a reason unknown to the court, and without which he has failed to show that he was in fact such temporary guardian of the person. Under these circumstances, no reversible error on the part of the trial court in rejecting the documentary evidence has been shown.