40922. GARLAND v. STATE OF GEORGIA.

DECIDED NOVEMBER 9, 1964—REHEARING DENIED
DECEMBER 1, 1964.

*Cowart, Sapp, Alaimo & Gale, Anthony A. Alaimo, Benjamin B. Garland,* for plaintiff in error.

*William T. Boyd, Solicitor General, Charles A. Williams, Newell Edenfield,* contra.

RUSSELL, Judge. It appears that after all of the judges of the Atlanta Judicial Circuit signed an order directing the solicitor general of that circuit to bring disbarment proceedings, and after the solicitor prepared (but did not verify) such petition, it was presented to one of the judges who ordered it filed and issued a rule nisi directed to the defendant, copy of which was ordered served upon him. It also appears that each of the nine judges disqualified himself for an undisclosed reason. The defendant at first opportunity moved to dismiss the petition for disbarment on the ground that a judge who was disqualified to "preside, act or serve" in the case (*Code Ann.* § 24-102) had no authority to enter such an order, and the petition should therefore abate. This is upon the theory that a judge who is disqualified can perform no judicial act in relation to the case, and that if he attempts to do so the result is a nullity. *Howard v. Warren,* 206 Ga. 838 (59 SE2d 503); *Shuford v. Shuford,* 141 Ga. 407 (9) (81 SE 115); *Gaskins v. Gaskins,* 181 Ga. 124 (3) (181 SE 850); *Garrison v. Marietta Trust &c. Co.,* 155 Ga. 562 (1) (118 SE 48). In *Short & Co. v. Spragins, Buck & Co.,* 104 Ga. 628 (30 SE 810), it was held that where a judge sanctioned a petition and ex parte granted a temporary restraining

order and appointed a temporary receiver, the action was essentially judicial; that the order was in the nature of a judgment and could not have been granted if the judge had not first judicially determined that the petition made a case entitling the plaintiffs to the relief sought.

Applying the reasoning of these cases, it is apparent that the judge, whose statement of his own disqualification must be accepted at its face value, was performing a judicial act here. Indeed, an original judicial determination is implicit in *Code* § 9-509 which provides that the court "if of opinion that the accusation would, if true, be ground for removal" shall order the accused to appear and cause him to be served with the petition and rule which takes the place of process in the ordinary case. In requiring, as *Code* § 9-509 does, that the suit be initiated by a judge who signs a rule nisi and orders it, together with the petition, served on the defendant, the same procedure is followed as in the statutory foreclosure of an attorney's lien for fees. In *Moss v. Strickland,* 138 Ga. 539 (75 SE 622) it was pointed out (p. 541) that "in proceedings to foreclose an attorney's lien the process is a rule nisi issued by the court, and not a process issued by the clerk as in ordinary cases" and that in such a case (p. 540) "a process issued by any other person than one qualified to issue it can not be the foundation of a valid judgment."

What the court does in disbarment proceedings, which are sui generis, is to mentally pass on a general demurrer to the petition *prior to filing* and *prior to service,* and this action is reviewable even if its result be negative and the judge, deciding that no cause of action is set out, refuses to issue the rule and order for service. Even though the defendant has never been served and has not in fact appeared or demurred, the issue on appeal is whether the allegations of the petition, if true, would constitute cause for disbarment. *Gordon v. Clinkscales,* 215 Ga. 843 (114 SE2d 15).

Since the judge who signed the order declared that he was disqualified, that fact must be taken as true, and under *Howard v. Warren,* 206 Ga. 838, supra, even though the disqualification was not announced and acted upon until after the rule nisi and

order for service was signed it relates back to it so that it, being itself a judicial act, is rendered nugatory. If all of the judges of the Atlanta Judicial Circuit were in fact disqualified, as from the record it appears that they were, the petition should have been tendered in the first instance to another judge as was done in *Gordon v. Clinkscales,* 215 Ga. 843, supra, and the only order which any of the Atlanta Circuit judges could properly have signed would have been one disqualifying themselves and referring the petition to some other judge who was not disqualified and who could make the initial judicial determination of whether a cause of action was stated.

Under the provisions of *Code* § 9-509 the defendant was not before the court until served with a copy of the petition and rule nisi under a proper order of service signed by a qualified judge. The judge who signed the order was not qualified to take any judicial action in the case, and this includes the judicial determination reflected in the order that the petition states a cause of action for disbarment. It follows that the defendant's motion to abate the action was well taken. This error rendered all further proceedings nugatory. Our attention has been called to the fact that *Brant v. State,* 72 Ga. App. 704 (34 SE2d 735) sets out a statement of facts marking a physical precedent to the contrary of what is held here. In that case, however, a waiver of the lack of jurisdiction over the person of the defendant resulted from the failure of the defendant to urge the question here decided, while in the present case the motion in abatement was made at the first opportunity.

*Judgment reversed. Nichols, P. J., and Hall, J., concur.*

NICHOLS, Presiding Judge. I concur in the opinion as prepared by Judge Russell. During the oral argument before this court the question of the propriety of the writer of this concurrence hearing the case was raised by the State since he was subpoenaed and testified on the trial of the case as to the reputation of the respondent, and while no formal motion was made I feel that such argument by the State should be answered.

*Code Ann.* § 24-102 provides the only grounds upon which a judge of this court is disqualified from hearing a case. This Code section provides: "No judge or justice of any court, no

ordinary, justice of the peace, nor presiding officer of any inferior judicature or commission shall sit in any cause or proceeding in which he is pecuniarily interested, nor preside, act, or serve, in any case or matter, when such judge is related by consanguinity or affinity to any party interested in the result of the case or matter, within the sixth degree, as computed according to the civil law, and relationship more remote shall not be a disqualification; nor in which he has been of counsel, nor in which he has presided in any inferior judicature, when his ruling or decision is the subject of review, without the consent of all parties in interest: Provided, that in all cases in which the presiding judge of the superior court may have been employed as counsel before his appointment as judge, he shall preside in such cases if the opposite party or counsel agree in writing that he may preside, unless the judge declines so to do: and Provided further that no judge or justice of any court, no ordinary, justice of the peace, nor presiding officer of any inferior judicature or commission shall be disqualified from sitting in any cause or proceeding because of the fact that he is a policyholder or is related to a policyholder of any mutual insurance company which has no capital stock. But nothing in the last proviso shall be construed as applying to the qualifications of trial jurors." It has frequently been held that such grounds are exhaustive. See *Robinson v. State*, 86 Ga. App. 375, 377 (71 SE2d 677), where it was held: "The statutory grounds named in this section [24-102] are exhaustive. *Smith v. State*, 74 Ga. App. 777, 781 (41 SE2d 541); *Guest v. Rucker*, 77 Ga. App. 696 (1) (49 SE2d 687). Prejudice, bias or prejudgment or even an exhibition of partisan feeling, when not arising from these grounds, is ordinarily not assignable as a ground of disqualification. *Riner v. Flanders*, 173 Ga. 43 (4) (159 SE 693); *Tibbs v. City of Atlanta*, 125 Ga. 18, 21 (53 SE 811); *Beavers v. Armistead*, 156 Ga. 833 (120 SE 526); *Long v. State*, 25 Ga. App. 22 (1a) (102 SE 359); *Hendricks v. State*, 34 Ga. App. 508 (130 SE 539). It is contended that the judges have a pecuniary interest in the result of the case in that they are elected to their respective offices, and that Hon. Frank Guess by his statements was seeking political favor within the county.

The term 'pecuniary interest' means a direct pecuniary interest in the result of a particular case. In *Beasley v. Burt,* 201 Ga. 144, 145 (39 SE2d 51), it is held that 'the liability or pecuniary gain or relief to the judge must occur upon the event of the suit, not result remotely in the future from the general operation of laws and government upon the status fixed by the decision.' 'A judge is not disqualified because he is interested in the question to be decided where he has no direct and immediate interest in the judgment to be pronounced.' 30 Am. Jur. 773, par. 57. He must have a 'financial interest in the outcome of the cause.' *Blakeman v. Harwell,* 198 Ga. 165 (1b) (31 SE2d 50). See also *Singleton v. City of Valdosta,* 197 Ga. 194 (1) (28 SE2d 759); *Wheeler v. Board of Trustees of Fargo Consolidated School District,* 200 Ga. 323 (1) (37 SE2d 322)."

When a judge is disqualified as a matter of law then the question of whether he will accept a waiver of such disqualification and hear the case is one for him to decide under the particular circumstances presented by such case, but where he is not disqualified he is not given the luxury of deciding whether he will hear a particular case. In *Elliott v. Hipp,* 134 Ga. 844 (68 SE 736, 137 ASR 272, 20 AC 423), the Supreme Court held: "In 17 Am. & Eng. Enc. Law, 738, and in 23 Cyc. 582, it is stated that in the absence of statutory provisions, bias or prejudice on the part of a judge does not disqualify him. The only provisions of our law on the subject of the disqualification of a judge are set forth in the Civil Code, § 4045, which provides 'that no judge . . . can sit in any cause or proceeding in which he is pecuniarily interested, or related to either party within the fourth degree of consanguinity or affinity, nor of which he has been of counsel, nor in which he has presided in any inferior judicature when his ruling or decision is the subject of review, without the consent of all the parties in interest.' In 17 Am. & Eng. Enc. Law, pp. 738 and 740, it is stated that it is the general rule that statutory grounds of disqualification are exclusive." It was further held (headnote 2a): "The allegation that a judge is active in aiding one faction of a political party in a county to gain control of the party and the politics of the county, in order to further his political purposes and in-

terests and those of a faction with which he is in sympathy, does not disqualify him from passing on an application to enjoin the registrars from filing a registration list alleged to have been prepared by them with the names of certain persons opposing such faction illegally left off for the purpose of gaining such control, and to compel them by mandamus to place such names on the registration list." In that case the action of another superior court, in refusing to act in the case after determining that the judge in whose jurisdiction the case fell was not disqualified, was affirmed.

The views expressed by Judge Eberhardt (108 Ga. App. 306), are in accordance with the views of the writer, but so long as the General Assembly fails to provide additional grounds of disqualification the members of this court are bound by the provisions of *Code Ann.* § 24-102, supra, and the interpretation placed thereon by the Supreme Court, and so long as no legal disqualification exists we have no discretion as to what cases we will or will not decide.